In the Matter of the Application for the DISCIPLINE OF Patrick D. O'BRIEN, an Attorney at Law of the State of Minnesota.

No. C7–84–568.

Supreme Court of Minnesota.

Feb. 4, 1985.

Michael J. Hoover, Director, Lawyers Prof. Resp., and Nancy W. McLean, St. Paul, for appellant.

Patrick D. O'Brien, Canyon, pro se.

**ORDER**

AMDAHL, Chief Justice.

The Director of the Lawyers Professional Responsibility Board, hereinafter Director, filed with this court a Petition at the direction of the Lawyers Professional Responsibility Board alleging that the respondent:

(a) Had been retained by one Briski to draft a will for him and had been paid a retainer. That respondent failed to deposit the check in a trust account and cashed it for his own personal use. That respondent promised to have the will to Briski by February 1, 1980, and failed to deliver it, and that despite numerous requests, respondent failed to complete the will or return the money. The Director alleged that respondent's conduct violated the disciplinary rules, including DR 2–110(A)(2), DR 6–101(A)(3), DR 7–101(A)(2), DR 9–102(A)(1), DR 9–102(B)(3), DR 9–102(B)(4), DR 9–103(A), Minnesota Code of Professional Responsibility and Opinions 9 and 11 of the Lawyers Professional Responsibility Board.

(b) That in 1980, one Frye retained respondent to represent him in a breach of contract suit. Respondent drafted the complaint but took no further action and neglected and failed to communicate with Frye on the status of his case and refused or neglected to return Frye's papers to him, all in violation of disciplinary rules including DR 2–110(A)(2), DR 6–101(A)(3), DR 7–101(A)(2), DR 9–102(B)(4), MCPR, and Opinion 11 of the Lawyers Professional Responsibility Board.

(c) That in 1979, one Watkins retained respondent to draft a contract for deed and prepare a certificate of title to property he had purchased. Respondent failed either to complete the work or return the certificate of title causing Watkins to incur expenditures of money for a new certificate of title to complete the purchase of his property and to expend additional money in travel expenses

in order to try to resolve the matter. Respondent's conduct allegedly violated the disciplinary rules including DR 2–110(A)(2), DR 6–101(A)(3), DR 7–101(A)(2), DR 9–102(B)(4), MCPR, and Opinion 11 of the Lawyers Professional Responsibility Board.

(d) That respondent has been suspended from the practice of law for failure to pay his attorney registration fees, and while suspended, respondent has continued to practice law in violation of DR 1–102(A)(6), MCPR, and Rules 2 and 3, Rules of the Supreme Court on Registration of Attorneys.

(e) That the respondent has failed to cooperate with the Director's office with respect to the above listed complaints and has failed to appear at a hearing before the Lawyers Professional Responsibility Board on the charges filed against him.

The matter now comes before this court upon the Stipulation of the parties which provides as follows:

WHEREAS, the Director has filed a petition for disciplinary action in the Minnesota Supreme Court and respondent has filed his answer admitting the allegations in the petition;

WHEREAS, respondent is aware of his right to be represented herein by an attorney, but has chosen to appear *pro se;*

WHEREAS, respondent has determined it is in his best interest to resolve the pending disciplinary matters by this stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

1. Respondent unconditionally admits the allegations in the petition for disciplinary action.

2. Respondent expressly waives submission of this matter to a referee pursuant to Rule 14, Rules on Lawyers Professional Responsibility.

3. Respondent consents to his indefinite suspension from the practice of law. After two years, respondent may petition

this court for re-admission if he can demonstrate the following by clear and convincing evidence:

(a) Respondent has made full restitution to the clients identified in the petition for disciplinary action and paid any other outstanding judgments against him.

(b) Respondent has successfully completed chemical dependency treatment and recommended after care.

(c) Respondent has maintained total abstinence from alcohol and other mood-altering chemicals for a period of one year.

(d) Respondent has completed the necessary Continuing Legal Education courses.

(e) Respondent has paid to the Lawyers Professional Responsibility Board $500 pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The court having considered the complaint of the Director, the answer of the respondent and the stipulation,

IT IS HEREBY ORDERED:

That respondent be indefinitely suspended from the practice of law. After two years respondent may petition this court for readmission if he can demonstrate the following by clear and convincing evidence:

(a) That respondent has made full restitution to the clients identified in the petition for disciplinary action and paid any other outstanding judgments against him.

(b) Respondent has successfully completed chemical dependency treatment and recommended after care.

(c) Respondent has maintained total abstinence from alcohol or other mood-altering chemicals for a period of one year.

(d) Respondent has completed the necessary Continuing Legal Education courses.

(e) Respondent has paid to the Lawyers Professional Responsibility Board $500 pursuant to Rule 24, Rules on Lawyers Professional Responsibility.