**In the Matter of the Application for the DISCIPLINE OF Donald ROCKNE, an Attorney at Law of the State of Minnesota.**

**No. C3-84-440.**

Supreme Court of Minnesota.

Oct. 25, 1985.

William J. Wernz, Director, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Donald Rockne, pro se.

PER CURIAM.

The Director of the Lawyers Board on Professional Responsibility petitioned this court to take disciplinary action against respondent, Donald Rockne. The Director alleges that respondent abandoned a client, failed to return the client's files upon request, and failed to cooperate with the Board in disciplinary proceedings.

On June 15, 1981, William J. Leurer was injured in a single vehicle accident when his car hit a large ditch in a parking lot. He suffered a lower back injury and several broken teeth and his car was a total loss. Based upon a friend's recommendation, he hired respondent to represent him in an action against the owners of the parking lot.

Leurer later provided respondent with his medical bills, his towing and repair bills, and some photographs. Respondent identified the parking lot's insurer as Travelers Insurance Company and informed Leuer of this. This was the last time Leurer heard from respondent. Approximately 2 months later, a representative of Travelers telephoned Leurer to ask him what his intentions were regarding his claim and told him he had tried to contact respondent several times by telephone and mail but had received no reply.

Approximately 1 year after his initial meeting with respondent, Leurer mailed him a certified letter demanding the return of his documents. Leurer received a signed receipt for the letter, but respondent did not reply to his request. Leurer then hired another attorney to procure the documents from respondent, but his efforts also were unsuccessful.

In July of 1983, Leurer registered a complaint with the Lawyers Board on Professional Responsibility, who turned the investigation over to the Ramsey County Bar Association's Ethics Committee. The secretary of the committee wrote to respondent advising him of the pending complaint and advised respondent to reply to the allegations within 10 days. At about the same time, at the suggestion of Travelers, Leurer again wrote to respondent demanding the return of his documents. Respondent replied to neither of these letters.

On November 4, 1983, the Ramsey County district investigator sent respondent a certified letter, to which respondent made no reply, and attempted several times to telephone respondent without success. On December 1, 1983, the Director mailed to respondent a certified letter requesting a response to Leurer's allegations and informing him that if he did not respond within 2 weeks, his silence would be regarded as unprofessional conduct. Respondent made no reply.

On January 26, 1984, pursuant to Rule 9(a), Minn.R. Lawyers Prof.Resp., the Director notified respondent of a February 6 prehearing meeting on the charges of unprofessional conduct. The notice indicated that failure to attend this meeting could be grounds for separate disciplinary action under Rule 25, Minn.R. Lawyers Prof.Resp. Respondent did not attend the meeting. On February 14, 1984, the Director notified respondent of a hearing to be held February 29 before a Lawyers Professional Responsibility Board panel and again stated that failure to appear would be regarded as unprofessional conduct. Respondent made no appearance.

On March 9, 1984, the Director filed a petition for disciplinary action against re-

spondent with the Clerk of Appellate Courts. The sheriff made 10 unsuccessful attempts to personally serve the petition on respondent. The manager of respondent's apartment building stated that respondent had not been seen for some time and she did not know whether he was picking up his mail. Respondent was then served by mail on April 12, 1984, pursuant to Rule 12(c)(1), Minn.R. Lawyers Prof.Resp.

On May 11, 1984, the Director filed an application for suspension of respondent from practice which was granted by this court on May 17, 1984. Respondent made no motion to vacate the suspension order. Accordingly, the court issued an order to show cause under Rule 12(c)(2), which set a hearing date for October 1, 1985, at 9 a.m. This order was published in Finance and Commerce on July 30, August 6, and August 13, 1985. Respondent made no appearance at the hearing.

The first count of the Director's petition alleges that respondent neglected his client by failing to pursue Leurer's claim against the parking lot and failing to return Leurer's calls in violation of Rules 1–102(A)(6), 6–101(A)(3), and 7–101(A), Minn. Code Prof. Resp. Count II alleges that respondent's failure to cooperate with the Board's investigation violated Rule 1–102(A)(5), Minn. Code Prof.Resp. and Rule 25, Minn.R. Lawyers Prof.Resp.

Since respondent has made no answer to the petition nor appeared at any of the scheduled hearings or meetings, "the petition's allegations shall be deemed admitted and this Court may proceed under Rule 15." Minn.R. Lawyers Prof.Resp. 13(c); *see In re Larson*, 324 N.W.2d 656, 657–58 (Minn.1982). Accordingly, we order that respondent be indefinitely suspended from the practice of law in Minnesota. *See* Minn.R. Lawyers Prof.Resp. 15(a)(2).

In imposing this sanction, we note that the purpose of disciplinary action is not to punish respondent but to protect the public from future harm. *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984). To that end, the court must carefully weigh the nature of the misconduct; the cumulative weight of the disciplinary rule violations; the harm to the public; and the harm to the legal profession. *Id.; In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981). Thus, disciplinary sanctions will be imposed on those attorneys who, "after careful investigation, proper notice, and hearing, are found to have demonstrated that they do not possess the 'qualities of character and the professional competence requisite to the practice of law.'" *In re Daly*, 291 Minn. 488, 489–90, 189 N.W.2d 176, 178 (1971) (*citing Baird v. State Bar of Arizona*, 401 U.S. 1, 7, 91 S.Ct. 702, 706, 27 L.Ed.2d 639 (1970).

In this case, respondent has shown indifference not only to the rights of his client, but to the officials charged with policing the profession and this court. His conduct gives us no choice but to order his indefinite suspension, effective immediately.