**In the Matter of the Application for the DISCIPLINE OF Howard J. MOORE, an Attorney at Law of the State of Minnesota.**

No. C2–86–272.

Supreme Court of Minnesota.

May 23, 1986.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Martin A. Cole, Asst., St. Paul, for appellant.

Howard J. Moore, Edina, for respondent.

PER CURIAM.

This matter comes to us on the petition of the Director of the Lawyers Professional Responsibility Board to discipline respondent attorney for client neglect and failure to cooperate with the Board. We adopt the Director's recommendation for suspension.

Respondent Howard J. Moore was admitted to practice law in Minnesota in 1958. In May 1979, he entered into a stipulation with the Board admitting neglect in the handling of eight probate court matters. He agreed to 2 years' supervision by another attorney, the installation of new office procedures, and reimbursement of any client losses. In December 1980, respondent entered into a second stipulation with the Board admitting neglect of two more estates, as well as failure to cooperate with the Director's investigation. The Board agreed to stay further disciplinary proceedings for 2 years if Moore would perform no probate work and remain on supervised probation until December 1982.[1] Apparently this probationary period was satisfactorily completed.

This current disciplinary proceeding arises out of respondent's handling of a real estate matter for Lillian Fitzer. In late 1982 respondent was retained by Fitzer to clear record title to a parcel of land being sold by Fitzer under a contract for deed. The vendee was prepared to make the $16,000 balloon payment as soon as title was cleared and good title conveyed. By June 1984, respondent still had not completed the work, but out of "embarrassment," gave the client his personal postdated check for $4,000, which was returned for insufficient funds. Repeated written and telephone inquiries by an attorney on behalf of Fitzer went unanswered by respondent, except for one response in which respondent said he would proceed to complete his work as soon as possible. Three letters by the vendee's attorney went unanswered by respondent. After this matter was brought to the Director's attention, a third stipulation was entered into in September 1985, wherein respondent admitted his neglect of the Fitzer matter. Further disciplinary proceedings were stayed for 2 years provided respondent: (1) abided by the Rules of Professional Conduct and cooperated with any further investigations; (2) nominated an attorney, acceptable to the Director, to monitor respondent's performance; (3) cooperated fully with the Director's monitoring; (4) reported at least quarterly to the Director on the status of his files; and (5) completed the Fitzer transaction by September 30, 1985. If any of the conditions were not met, the Director could file a petition for disciplinary action without having a panel proceeding.

The Director has now filed a petition for disciplinary action alleging that respondent has failed to comply with the terms of the September 1985 stipulation. The petition alleges respondent failed to complete the Fitzer matter, in violation of Code of Pro-

---

1. The client neglect matters involved in the 1979 and 1980 stipulations seemed to follow a general pattern. Respondent failed to file documents, often in violation of orders of the probate court, and ignored inquiries from the Minnesota Department of Revenue. On one occasion, the probate court issued a citation for respondent's repeated failure to comply with court orders and threatened a bench warrant. In one of the matters involved in the 1980 stipulation, respondent failed to deposit divi-dend checks properly to an estate account, failed to respond to inquiries from the personal representative, and otherwise neglected the estate, resulting in estate tax penalties and interest. In the other matter involved in the 1980 stipulation, respondent falsely informed an heir that distribution checks had been sent and documents filed, and, again, failed to close the estate after several notices from the probate court and failed to appear in response to the court's citation.

fessional Responsibility DR 6–101(A)(3) (neglect), DR 7–101(A)(2) (failure to carry out contract of employment); and Rule 1.3, MRPC (lack of diligence). The petition also alleges a failure to cooperate in violation of Rule 25, RLPR, and Rule 8.1, MRPC. The Director had sent four letters to respondent, three by certified mail, requesting respondent to nominate his supervising attorney and to verify the status of the Fitzer matter. Respondent did not reply to the first three letters and his response to the fourth was inadequate. Respondent also had failed to appear at two scheduled meetings. Respondent has not answered the Director's disciplinary petition and, therefore, is deemed to have admitted failure to satisfy the conditions of the September 1985 stipulation.

As appropriate discipline, the Director recommends respondent be suspended for at least 6 months. We accept this recommendation.

In the September 1985 stipulation, respondent states he has physical and emotional problems arising from juvenile diabetes militus, and that this condition contributed to his neglect of the Fitzer file. This assertion, however, is unsupported by any explanation from either respondent or his attending physician, and, in any event, "suspension is nonetheless warranted, if necessary to protect the public or the judicial system." *In re Peck*, 302 N.W.2d 356, 360 (Minn.1981). Here, clearly, the public needs to be protected from the manner in which respondent purports to practice law. Respondent's inexplicable indifference to the interests of his client has caused his client great anxiety and also, apparently, financial loss. Respondent's repeated noncooperation with the disciplinary authorities is itself a separate act of misconduct,

showing "a complete disdain for the disciplinary process" and warranting suspension. *See In re Cartwright*, 282 N.W.2d 548, 552 (Minn.1979). Two recent cases involving similar combinations of neglect and noncooperation support the Director's recommendation of suspension. *In re Gorgos*, 382 N.W.2d 857 (Minn.1986); *In re Rockne*, 375 N.W.2d 28 (Minn.1985).

We impose, therefore, the following discipline:

(1) Respondent Howard J. Moore is suspended from the practice of law for 6 months, commencing 1 week from the date of this decision.

(2) After the 6-month period has expired, respondent may petition for reinstatement pursuant to Rule 18, Rules of Lawyers Professional Responsibility.

(3) Prior to reinstatement and as a further condition thereof, respondent shall furnish written proof satisfactory to the Director that he has instituted appropriate office systems and procedures and that the Fitzer matter has been completed without any financial loss to the client as required by the September 1985 stipulation; respondent shall also furnish a written report from his doctor that his health condition will not impair the fulfillment of his professional obligations.

(4) Upon reinstatement, respondent shall be placed on supervised probation for 2 years.

It is so ordered.