In the Matter of the Application for the **DISCIPLINE OF Patrick K. FALLON, an Attorney at Law of the State of Minnesota.**

No. C5–84–2223.

Supreme Court of Minnesota.

July 11, 1986.

---

Patrick K. Fallon, Minneapolis, pro se.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Martin A. Cole, Asst. Director, St. Paul, for respondent.

PER CURIAM.

The Director of the Lawyers Professional Responsibility Board (Director) petitions this court to take appropriate action against Patrick K. Fallon, an attorney admitted to the practice of law in this state. An order was issued to Fallon to appear before this court to show cause why appropriate discipline should not be entered against him. Fallon appeared at the hearing, at which the Director recommended that this court suspend Fallon for an indefinite period but allow him to petition for reinstatement upon a showing that he has undertaken long-term treatment and rehabilitation for alcoholism and that he has made restitution to all clients who sustained monetary losses due to his neglect. We concur with the Director's recommendation.

Fallon was admitted to the practice of law on October 27, 1959. He established a law office and for approximately 15 years built up a solid legal practice. He developed a dependency on alcohol, however, and this condition began to affect his work habits.

In the summer of 1977, Fallon was retained by Norman Anderson, who sought a refund of a down payment he put on a house. Although Fallon had assured Anderson that he was working on the case, he never filed suit on behalf of Anderson. No funds have been collected for Anderson and Fallon has taken no action in the matter since 1977. On August 3, 1978, Fallon reached a stipulation with the Director, admitting his neglect and misconduct in the Anderson affair. Fallon agreed at that time to seek chemical dependency treatment and to maintain sobriety. Fallon underwent chemical-dependency treatment and maintained sobriety for one year. In 1979, however, he resumed consuming alcohol.

In March 1980, Fallon was hired by Larry Reger to dissolve a partnership between Reger and a man named James Halek. Reger repeatedly requested that Fallon draw up a partnership-termination agreement, but Fallon delayed in doing so. Eventually Halek filed suit to dissolve the partnership. Reger gave Fallon the summons and complaint served on him, but Fallon failed to file an answer and did not respond to telephone calls from Halek's attorney. In December 1980, Reger received a subpoena to appear at a deposition. Reger requested Fallon's assistance and advice. Fallon failed to appear at a meeting he had scheduled with Reger to prepare for the deposition. On December 22, 1980, Halek's attorney notified Reger of his intent to seek a default judgment if he did not receive an answer to the complaint he filed in August. Reger tried repeatedly to contact Fallon, but to no avail. Ultimately, a settlement of the partnership-termination suit was negotiated by Thomas Ryan, Fallon's brother-in-law. Thereafter, Reger requested that Fallon return to him all his files and documents concerning the partnership. Despite several requests, Fallon did not return the documents to Reger.

Reger complained to the Board of Lawyers Professional Responsibility. The Director requested in writing on July 19 and September 12, 1983, that Fallon provide

information concerning Reger's complaint. Fallon never responded to the letters and, when conferences with the Director were scheduled on December 19, 1983, and on October 2, 1984, Fallon failed to appear.

Throughout 1984, Fallon failed to appear regularly in his law office. As a result, letters from clients went unanswered and calls from clients were not returned. Fallon also failed to appear at court proceedings. In one case, concerning collection of a debt, a $1,000 default judgment was entered against Fallon's client because Fallon did not appear in court on the date set for a hearing. In another case, concerning a real estate matter, Fallon's failure to appear in court resulted in a $2,400 default judgment against his client.

Since April 16, 1984, Fallon has not paid his attorney registration fees and, as a result, his license to practice law has automatically been suspended. He nevertheless continued to practice law after notification of his suspension.

On November 28, 1984, a panel of the Lawyers Professional Responsibility Board found probable cause for disciplinary action against Fallon. Fallon appeared before the panel and testified that he was still dependent on alcohol. At the hearing, Fallon admitted that he has not kept regular business hours in recent years and that he has missed at least one court appearance. He also admitted that he has not paid his lawyer registration fees since April 1984; however, he stated that he did not know that, as a result, he had been automatically suspended from the practice of law. He further admitted that he did not respond to the Director's letters or appear at two conferences scheduled with the Director.

In the petition for disciplinary action filed December 21, 1984, the Director contended that Fallon had abandoned his law practice, failed to cooperate with the Director's investigation of complaints filed against him, and practiced law after suspension of his license. Fallon's whereabouts could not be determined. This court suspended Fallon from the practice of law on December 24 and ordered that a trustee be appointed to take possession of the client files in Fallon's office. An inventory of the client files was completed on July 31, 1985, and notices were sent to those clients with updated mailing addresses. Thereafter, a petition for order to show cause was filed by the Director, and on January 28, 1985, this court issued the order.

Although alcoholism in and of itself is not a defense to professional misconduct, it can be a mitigating factor in determining the appropriate disciplinary sanction. Here, there are grounds for the immediate disbarment of Fallon. That extreme discipline, however, is not imposed. Fallon's misconduct apparently stems from chronic alcoholism and he should be given an opportunity to rehabilitate himself. If Fallon's illness can be arrested, he will likely be, as he once was, a contributing and worthy member of the bar. Until he is rehabilitated, however, he is not fit to practice law and the public must be protected.

Accordingly, Fallon is indefinitely suspended from the practice of law. He may petition for reinstatement to the practice of law if the following conditions have been met:

1. That he undertake long-term treatment and rehabilitation for alcoholism;

2. That he continue to maintain sobriety following such treatment;

3. That he regularly attend meetings of Alcoholics Anonymous or regularly participate in similar counseling for at least one year following such treatment;

4. That he make restitution to all clients for any losses they may have sustained due to his neglect; and

5. That he make restitution to the Board of Professional Responsibility for reasonable costs it incurred in taking possession of his office files.

The petition for reinstatement must be made by Fallon before January 1, 1988. If it is not, the Director may petition this court for permanent disbarment.