In the Matter of the Application for the DISCIPLINE OF Roger J. HELDER, Jr., an Attorney at Law of the State of Minnesota.

No. C6–86–1246.

Supreme Court of Minnesota.

Nov. 17, 1986.

## ORDER

The Director of Lawyers Professional Responsibility filed a petition with this court charging that the respondent had committed unprofessional conduct warranting public discipline, or, in the alternative, transfer to disability inactive status pursuant to Rule 28, Rules of Lawyers Professional Responsibility (RLPR). The petition states that respondent has been suspended since April 1, 1985, for nonpayment of the registration fee required by Rule 2, Rules on Attorney Registration. The petition includes two counts arising out of respondent's practice before his suspension. In the first count it is alleged that over a period of more than six months respondent failed to communicate with a client who repeatedly requested the respondent to make changes in the client's will and that after the client had filed a complaint with the Lawyers Professional Responsibility Board, the respondent advised the client that the respondent was not actively practicing law and returned the client's file. The second count contains allegations that while representing a client in the defense of an action for payment on a contract for deed, the respondent released client funds to the opposing party without the client's consent and without negotiating a settlement of the claim; that respondent appeared at a hearing brought by the opposing party to obtain judgment for further amounts claimed, but failed to notify his client of the hearing or of the judgment entered against the client; and that respondent failed to notify the client of his current address or telephone number or of his withdrawal as attorney. The petition charged that this conduct violated Disciplinary Rule (DR) 2–110(A)(2), DR 6–101(A)(3), DR 7–101(A)(2) and (3) and DR 9–102(B)(4), Minnesota Code of Professional Responsibility (MCPR). As a third count the petition alleges that the respondent failed to cooperate in the investigation by the Director's office of the foregoing complaints. The petition charged that respondent's conduct in failing to cooperate with the disciplinary process before September 1, 1985 violated DR 1–102(A)(5) and (6), and that respondent's conduct in failing to cooperate after August 31, 1985 violated Rule 8.4(d), Minnesota Rules of Professional Conduct (MRPC). It also charged that failure to cooperate violated Rule 25, RLPR, and this court's holding in In re Cartwright, 282 N.W.2d 548 (Minn.1979).

During the course of the investigation a district ethics committee investigator received a copy of a letter from respondent to a client, dated May 5, 1985, advising the client of respondent's inability to practice because of severe depression. On June 10,

1985 the Director issued allegations of disability in this matter.

On July 8, 1985, at a meeting with the Director, the respondent asserted that he was no longer disabled within the definition of Rule 28, RLPR, and respondent agreed to provide the Director's office with medical authorizations in order to verify his current medical status. Medical authorizations were forwarded to respondent for signature on August 5, 1985, but respondent has not provided the agreed upon authorizations. Nor has respondent replied to further requests for medical authorization.

The petition was served on respondent on July 11, 1986, but the respondent failed to serve or file an answer to the petition for disciplinary action or for transfer to disability inactive status as required by Rule 13, RLPR. On September 23, 1986, this court issued its order deeming admitted the allegations contained in the petition pursuant to Rule 13(c), RLPR.

The court having examined the petition herein and having considered the matters deemed admitted by the respondent,

IT IS HEREBY ORDERED;

1. Pursuant to Rule 15, RLPR, the respondent is hereby suspended indefinitely from the practice of law. Such suspension is effective from the date of this judgment.

2. The respondent may not apply for reinstatement for a period of six months from the date of this judgment.

3. Any petition for reinstatement shall include an express waiver of the doctor-patient privilege regarding respondent's claimed disability and the name and address of each physician, psychologist, psychiatrist, hospital or other institution that examined or treated respondent since January 1, 1984 shall be set forth therein.

4. Respondent may include in any petition for reinstatement a request for waiver by this court of compliance with the requirements imposed by Rule 18, RLPR.