In the Matter of the Application for the DISCIPLINE OF Joel R. THOMPSON, an Attorney at Law of the State of Minnesota.

No. C5–85–2202.

Supreme Court of Minnesota.

June 19, 1987.

William J. Wernz, Kenneth L. Jorgensen, St. Paul, for appellant.

Joel R. Thompson, Detroit Lakes, for respondent.

PER CURIAM.

On November 27, 1985, the Lawyers Professional Responsibility Board (LPRB) petitioned this court for disciplinary action against respondent Joel R. Thompson. On December 13, 1985, respondent filed an answer to the petition for disciplinary action. Subsequently, in the wake of information that respondent had been absent from his law office for two weeks and was unable to discharge his responsibilities to clients, the LPRB filed a petition for the appointment of a trustee regarding the legal files of respondent; on May 5, 1986, we appointed a trustee for respondent's files. On October 29, 1986, the LPRB filed a supplemental petition for disciplinary action; because respondent failed to file an answer to the supplemental petition, the allegations contained therein were deemed admitted pursuant to Rule 13 of the Rules on Lawyers Professional Responsibility. On December 2, 1986, we filed an order assigning the Honorable Warren E. Litynski, Judge of the County Court of the Fifth Judicial District, as referee in the matter. On January 9, 1987, Judge Litynski ordered respondent to appear for a deposition on January 20, 1987, and put respondent on notice that his failure to appear could, pursuant to Minn. R.Civ.P. 37.02(2)(a) and (c), result in the striking of his December 13, 1985, answer to the original petition. Respondent failed to appear for the deposition, and on March 6, 1987, a hearing on the November 27, 1985, petition was held before Judge Litynski. Respondent failed to appear at the hearing and Judge Litynski struck respondent's answer to the original petition and ordered that the allegations of that petition be deemed admitted. On March 24, 1987, Judge Litynski filed his findings of fact, conclusions and recommendation; Judge Litynski recommended that respondent be indefinitely suspended from the practice of law and that he not be reinstated until he complied with the requirements set forth in Rule 18 of the Rules on Lawyers Profes-

sional Responsibility. We concur with Judge Litynski's recommendation.

Respondent was admitted to the practice of law in Minnesota on October 21, 1977. From December 18, 1981 to June 22, 1983, he was general counsel for the White Earth Reservation Business Committee (WERBC). As attorney for the WERBC, he requested a hearing before an administrative law judge concerning disallowance of grant costs to the United States Department of Labor. The administrative law judge ordered the parties to file proposed findings and conclusions; respondent failed to comply with the order, resulting in a determination disallowing $104,934 in costs charged to the grant.

On August 8, 1982, a former elected official of the WERBC, Vernon Bellecourt, filed an unemployment compensation claim against the WERBC. A ruling was entered in favor of the WERBC, and Bellecourt appealed. Respondent failed to appear on behalf of WERBC at the appellate hearing, resulting in a reversal of the earlier decision in favor of WERBC. Subsequently, respondent failed to file an appeal and did not notify WERBC of their right to appeal.

Pine Point Experimental School, organized under the direction of the WERBC, was served with a summons and complaint by the Minnesota Attorney General's office alleging that the school had failed to pay employer's unemployment tax contributions. Respondent's failure to answer the summons and complaint resulted in the entry of a $32,040.50 default judgment against the school.

On May 25, 1982, Pine Point received a final notice from the IRS indicating that no response to prior notices for payment had been received and giving Pine Point the alternative of either paying $16,990.12 or contacting an IRS representative within 10 days. Respondent's failure to respond to the IRS notice resulted in a Notice of Levy being served on Omega State Bank indicating that the IRS intended to levy upon WERBC's account at the bank in the amount of $17,408.13.

In September 1981, respondent was retained by Mr. and Mrs. Leon McGregor to represent them in adoption proceedings. Respondent failed to prepare or file the final findings and order granting the petition for adoption, despite being requested to do so by the court. The McGregors were unable to contact respondent after the October 7, 1981, adoption hearing and were forced to obtain a new attorney to complete the adoption.

Linda Bellanger paid respondent $510 to handle an appeal. Respondent failed to file the appeal. Bellanger filed a complaint with the Office of Lawyers Professional Responsibility, but respondent failed to respond to the complaint.

Respondent abandoned his law office on or about April 18, 1986; since that time he has not attended to client matters, responded to client inquiries, or appeared for scheduled court dates or hearings. Respondent failed to make arrangements to secure substitute counsel to protect the interests of his clients.

Complaints against respondent were filed by three parties; respondent failed to appear at a meeting to discuss the complaints, and he failed to provide written responses to the complaints. Also, respondent failed to respond to a request by the Director's office that he contact the office concerning the pending petition for disciplinary action.

The foregoing facts summarize the nine counts of unprofessional conduct respondent was charged with in the two petitions for disciplinary action. All nine counts have been deemed admitted because of respondent's inaction. Judge Litynski concluded that respondent had violated numerous provisions of both the Minnesota Code of Professional Responsibility and the Minnesota Rules of Professional Conduct; the most frequently cited violations were of DR 6–101(A)(3), DR 7–101(A)(2), and DR 7–106(A).

We must now determine the appropriate discipline to be invoked for respondent's

misconduct; in doing so, we place great weight on the referee's recommendations. *In re Tieso,* 396 N.W.2d 32, 34 (Minn.1986).

We agree with the referee that respondent's abandonment of his law practice constitutes the most serious misconduct, and that respondent has failed to cooperate with the LPRB. In our prior cases involving abandonment of a law practice and failure to cooperate with the LPRB, this court has ordered indefinite suspension. *See In re Helder,* 396 N.W.2d 559 (Minn.1986); *In re Fallon,* 389 N.W.2d 509 (Minn.1986); and *In re Rockne,* 375 N.W.2d 28 (Minn.1985). We believe that in light of our decisions in *Helder, Fallon,* and *Rockne,* Judge Litynski's recommendation of indefinite suspension is appropriate in the present case.

We order the following sanctions:

1. Joel R. Thompson will be and hereby is suspended from the practice of law indefinitely, commencing from the date of this judgment; and

2. Joel R. Thompson may not apply for reinstatement until he has complied with all of the requirements set forth in Rule 18, Rules on Lawyers Professional Responsibility.