In re the Petition for DISCIPLINARY ACTION AGAINST Richard L. JENSEN, an Attorney at Law of the State of Minnesota.

No. C3–87–2011.

Supreme Court of Minnesota.

Jan. 29, 1988.

As Amended Feb. 2, 1988.

Betty M. Shaw, Asst. Director, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Richard L. Jensen, Minneapolis, pro se.

## OPINION

PER CURIAM.

The Director of the Lawyers Board on Professional Responsibility petitioned this court for disciplinary action against respondent, Richard L. Jensen, for (a) neglect of two client matters, (b) practicing law while suspended for failure to pay his attorney registration fee, and (c) failing to cooperate in disciplinary proceedings. We hold respondent's misconduct warrants indefinite suspension.

Respondent, now residing at 3212 Humboldt Avenue South, Minneapolis, was admitted to the practice of law in Minnesota in 1980. On October 14, 1987, the Director filed a petition for disciplinary action against respondent. Respondent failed to answer and, on November 9, 1987, this court issued an order deeming the allegations in the petition admitted, pursuant to Rule 13(c) of the Minnesota Rules on Lawyers Professional Responsibility.

### I.

The petition sets forth four separate bases for discipline:

1. The first count stems from respondent's failure to cooperate with officials of the discipline system. On or about June 18, 1986, the Director's office received the complaint of Ross L. Thorfinnson against respondent. Respondent failed to provide a written response to the complaint by the July 8, 1986, deadline. Respondent was given an extension of time to submit his response, which he also failed to meet. On

August 5, 1986, respondent telephoned the Fourth District Ethics Committee Investigator and stated he would hand-deliver his response the following day. Respondent failed to provide the response until August 11, 1986.

On November 21, 1986, respondent appeared before the district ethics committee and said he was no longer practicing law and was undergoing psychological counseling. On November 25, 1986, the Director wrote respondent requesting a meeting on December 12. Respondent failed to appear at the meeting or notify the Director he would not attend. He also failed to attend a meeting requested for February 17, 1987, and a prehearing meeting on April 21, 1987. In addition, respondent failed to respond to letters of the Director urging his cooperation. Respondent's failure to provide his written response to the ethics committee investigator within stated deadlines, to respond to the Director's letters, or to appear for scheduled meetings, and his failure to appear at the prehearing meeting violated Rule 8.1(a)(3), Minnesota Rules of Professional Conduct; Rule 25, Minn.R. Lawyers Prof.Resp.; and this court's holding in *In re Cartwright*, 282 N.W.2d 548 (Minn.1979).

2. The second count stems from respondent's neglect of a real estate matter. On November 5, 1985, respondent obtained an executed warranty deed on behalf of a client named Clark Peters. In the spring of 1986, respondent told Peters' new attorney that the warranty deed was filed in November, 1985. Respondent did not, in fact, record the deed until May, 1986. Respondent's failure to record Peters' warranty deed for a period of six months violated Rule 1.3 of the Minnesota Rules of Professional Conduct.

3. The third count arises from respondent's neglect of a personal injury matter. On March 16, 1984, Clark Peters retained respondent in a personal injury matter. Respondent prepared and served a summons and complaint dated March 20, 1984. On April 19, 1984, respondent granted the defendant's attorney a 30–day extension to interpose an answer. Despite numerous contacts from Peters urging action, respon-dent took no further action on the case. In April, 1986, Peters retained a new attorney, who obtained a $16,000 settlement in July, 1986. Respondent's failure to pursue Peters' personal injury matter prior to September 1, 1985, violated DR 6–101(A)(3), Minn.Code Prof.Resp. and his conduct after August 31, 1985, violated Rule 1.3, Minn.R. Prof.Conduct.

4. The fourth count involves respondent's practicing law while suspended for nonpayment of attorney registration fees. Respondent was suspended on April 1, 1985. He practiced law at least between April, 1985, and May, 1986. Respondent's action violated DR 3–101(B), Minn.Code of Prof.Resp., prior to September 1, 1985, and Rule 5.5(a), Minn.R.Prof.Conduct, after September 1, 1985.

## II.

 1. The purpose of an attorney disciplinary proceeding is to protect the public and the court and to serve as a deterrent against future misconduct. *In re Weyhrich*, 339 N.W.2d 274, 279 (Minn. 1983). The court must carefully weigh the nature of the misconduct; the cumulative weight of the disciplinary rule violations; the harm to the public; and the harm to the legal profession. *In re Rockne*, 375 N.W. 2d 28, 30 (Minn.1985). Disciplinary sanctions will be imposed on those attorneys who, after careful investigation, proper notice, and hearing, are found to have demonstrated that they do not possess the qualities of character and the professional competence requisite to the practice of law. *Id.*, citing *In re Daly*, 291 Minn. 488, 489–90, 189 N.W.2d 176, 178 (1971).

In *Rockne*, we held indefinite suspension was proper where an attorney neglected a personal injury matter for over a year, failed to return client phone calls, and failed to cooperate in disciplinary proceedings. *Rockne*, 375 N.W.2d at 29–30. Respondent's actions in neglecting two cases, failing to communicate with his client, and failing to cooperate in disciplinary proceedings are similar to the misconduct found to warrant indefinite suspension in *Rockne*.

Moreover, respondent was practicing law while suspended for failing to pay his attorney registration fee, which in itself war-

rants discipline. *See In re Knutson,* 405 N.W.2d 234, 239 (Minn.1987). We have previously held that practicing while suspended for nonpayment of the attorney registration fee, neglecting client matters, and failing to cooperate in disciplinary proceedings warrants indefinite suspension. *In re O'Brien,* 362 N.W.2d 307 (Minn.1985).

2. Respondent failed to provide this court with any information which would serve to mitigate the seriousness of his misconduct. He also failed to respond by brief or otherwise appear in these proceedings.

3. Respondent's neglect of two client matters, practicing law while suspended for nonpayment of attorney registration fees, and apparent indifference to disciplinary proceedings compel this court to order that:

(1) Respondent be indefinitely suspended from the practice of law, effective immediately, and

(2) Respondent may not petition for reinstatement pursuant to Rule 18, Minn.R. Lawyers Prof.Resp., until at least one year has elapsed from the date of filing of this opinion.

It is so ordered.