**In re Petition for Disciplinary Action against Therese M. MADSEN, an Attorney at Law of the State of Minnesota.**

**No. C6–88–487.**

Supreme Court of Minnesota.

July 29, 1988.

William J. Wernz, Director, Office of Lawyers Professional Responsibility, Betty M. Shaw, Sr. Asst. Director, St. Paul, for appellant.

Therese M. Madsen, Rosemount, pro se.

OPINION

PER CURIAM.

The Director of the Lawyers Professional Responsibility Board petitioned this court for disciplinary action against respondent, Therese M. Madsen, seeking indefinite suspension. The petition was served on respondent on February 24, 1988. She failed to file an answer, and, therefore, the

---

allegations of the petition are deemed admitted pursuant to Rule 13(c) of the Rules on Lawyers Professional Responsibility (RLPR). We conclude that the admitted charges justify indefinite suspension.

Respondent, who now resides in Rosemount, Minnesota, was admitted to the practice of law in Minnesota on May 6, 1983. She is currently suspended for nonpayment of attorney registration fees. The petition sets forth the bases for professional discipline.

 1) The first count is based on respondent's failure to cooperate with the disciplinary investigation of complaints brought against her. Client Mary Johnson filed a complaint against respondent on September 3, 1987. Respondent did not respond to the notice of investigation mailed to her on September 18, 1987 by the Office of Lawyers Professional Responsibility. After the complaint was referred to the Second District Ethics Committee, respondent did not respond to three letters or numerous phone calls made by the committee's investigating attorney. Respondent also did not respond to the director's letter, hand-delivered on October 21, 1987, requesting an explanation for her failure to respond. She was then sent notice of a pre-hearing meeting which she did not attend. Respondent's non-cooperation violated Rule 8.1(a)(3), Minnesota Rules of Professional Conduct (MRPC); Rule 25, RLPR; and this court's holding in *In re Cartwright*, 282 N.W.2d 548 (Minn.1979).

2) The second count stems from respondent's neglect of a personal injury matter. Mary Johnson retained respondent's law firm in February 1983 to represent her in a personal injury action. Initially, respondent, as a law clerk with the firm, assisted with the matter, but after her admission to the bar became Johnson's principal attorney. Over the next two years, respondent reported no progress to Johnson's numerous telephone queries regarding the status of her suit. In December 1986, respondent began working as a sole practitioner and retained Johnsons' file, but she did not inform Johnson that she had left the firm or provide Johnson with her new address or

phone number. Respondent failed to return Johnson's calls or contact her in any way after April 1987. After Johnson retained another attorney, it was learned that no summons or complaint had been filed in the personal injury matter. No action had been taken on the file for more than a year. Respondent's failure to pursue Johnson's personal injury matter violated Minn. Code Prof.Resp., DR 6–101(A)(3), prior to September 1, 1985. Her failure to pursue this claim after August 31, 1985 violated Rule 1.3, MRPC. Respondent's failure to inform Johnson of her change of address and phone number and her failure to return telephone calls violated Rule 1.4, MRPC.

3) The third count arises from respondent's neglect in a marriage dissolution proceeding. In December 1985, Mary Johnson retained respondent to represent her in this matter while respondent was still associated with her firm. Respondent corresponded with the husband's attorney throughout the summer of 1986, and drafted and forwarded a new marital termination agreement to Mary Johnson in the fall of 1986. She retained Johnson's marriage dissolution file when she left the firm in December 1986, but has not answered any of Johnson's telephone messages or communicated with her in any way since April 1987. Respondent's failure to pursue Johnson's marriage dissolution matter violated Rule 1.3, MPRC.

4) Finally, in April 1987, Johnson retained respondent to answer a complaint served on Johnson for collection of a promissory note on a loan for her husband's business. Respondent answered the complaint but has taken no further action, and has not returned any of Johnson's numerous phone messages regarding the debt collection matter. Respondent's conduct in failing to pursue the debt collection matter violated Rule 1.3, MRPC. Her conduct in failing to return Johnson's phone calls violated Rule 1.4, MRPC.

The purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public and the legal profession, as well as to guard the administration of justice. *In re Peck*, 302 N.W.2d

356, 359 (Minn.1981). In determining the appropriate discipline, the court considers: (1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession. *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984). Although each case presents unique circumstances and must stand on its own facts, prior cases are helpful by analogy. *In re Wareham*, 413 N.W.2d 820, 821 (Minn.1987), citing to *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982). In prior cases, this court has found abandonment of a law practice and failure to cooperate with the Lawyers Professional Responsibility Board as grounds for indefinite suspension. *See e.g., In re Thompson*, 407 N.W.2d 676, 678 (Minn. 1987) (cites omitted).

In the present case, the director recommends that respondent be indefinitely suspended with reinstatement conditioned upon proof of her fitness to practice law. In support of his recommendation, the director seeks to establish an analogy between the present case and the facts in the following cases where this court ordered indefinite suspension: *In re Jensen*, 418 N.W.2d 721 (Minn.1988); *In re Henke*, 400 N.W.2d 720 (Minn.1987); *In re Helder*, 396 N.W.2d 559 (Minn.1986); *In re Rockne*, 375 N.W.2d 28 (Minn.1985).

Although all four cases present significant similarities, *Jensen* and *Rockne* appear to be most analogous to the present case. In *Jensen*, the attorney neglected both real estate and personal injury matters for the same client, and also failed to cooperate with the disciplinary investigation. 418 N.W.2d at 721–22. In *Rockne*, the attorney, like respondent, made no response or appearances during the disciplinary investigation. 375 N.W.2d at 29. Rockne failed to act on a single client's personal injury claim. He also failed to return the client's calls and documents. *Id.*

After considering and comparing the facts of the present case to previous cases where this court has ordered indefinite suspension, we have no alternative but to adopt the recommendation of the Lawyers Professional Responsibility Board. Respondent has not presented any evidence of disability or mitigating circumstances which would explain her conduct or warrant a less severe sanction. *See In re Smith*, 381 N.W.2d 431 (Minn.1986). If such evidence exists, she should so advise the director. Further, supervised probation is not appropriate because she has refused to cooperate or even communicate with the director's office. *See In re Moore*, 387 N.W.2d 435 (Minn.1986). Accordingly, we order that respondent, Therese M. Madsen, be indefinitely suspended with reinstatement conditioned upon proof of her fitness to practice law.

So ordered.