**In re the Petition for DISCIPLINARY ACTION AGAINST Samuel WALKER, Jr., an Attorney at Law of the State of Minnesota.**

**No. C1–90–459.**

Supreme Court of Minnesota.

Oct. 12, 1990.

---

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Martin A. Cole, Sr. Asst. Director, St. Paul, for appellant.

Samuel Walker, Jr., St. Paul, pro se.

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility issued a petition for disciplinary action against Samuel Walker, Jr., dated January 25, 1990. The director attempted personal service with no success, so service was made by publication. The director filed a supplementary petition dated February 27, 1990, and commenced service by publication. Respondent did not file an answer. The court deemed the allegations contained in the petitions admitted and set the matter on for hearing. That order also was served on respondent by publication. The director filed a second supplementary petition

against respondent on July 11, 1990. Service by publication was completed August 2, 1990. Those allegations also were deemed admitted when respondent failed to answer. Respondent has not submitted a brief in his defense. The director recommends disbarment. We agree.

■ Respondent was admitted to the bar in Minnesota in 1986. The director's petition and first supplementary petition set out in detail the allegations deemed admitted. Additional allegations appear in the second supplementary petition. The facts deemed admitted when summarized show that respondent lied to clients and neglected client matters, forged a client signature on a check and misappropriated funds, failed to comply with discovery requests and to communicate with the client, failed to account for or return client property or unearned fees, knowingly issued checks on closed accounts, failed to appear in court pursuant to his arrest, and did not cooperate with the disciplinary process. Respondent has been suspended for nonpayment of the attorney registration fee since October 10, 1989.

The director's second supplementary petition alleges six additional counts of professional misconduct, including misrepresentations to clients, failure to return client files and unearned retainers, neglect, failure to pay court-ordered awards of fees, issuing additional checks on a closed account, and unauthorized practice of law after suspension. Respondent's answer to these additional charges was due by August 23, 1990. Since no answer was filed to any of the aforesaid charges, respondent is deemed to have admitted all allegations. We summarize some of the misconduct below.

1. *Neglect and Misrepresentation*

Respondent represented John Thorn in several litigation matters. In October 1989, one of Thorn's cases was dismissed with prejudice for failure to comply with discovery orders or pay fees assessed against Thorn. Respondent failed to in-

form Thorn of the hearings or discovery orders.

Respondent was hired in November 1988 to represent the Gustafsons in filing for bankruptcy. The Gustafsons gave respondent a personal computer and related equipment in lieu of a $1,000 retainer and paid him $95 for court filing fees. Several times, respondent assured the Gustafsons that he had filed their bankruptcy petition. In fact, respondent had not prepared the petition and had taken no action. The Gustafsons discharged respondent and demanded return of their computer or $1,000. Respondent has returned neither.

Respondent represented Sam Hedge in several matters. Respondent failed to respond to Hedge's repeated requests from November 1988 through July 1989 for information regarding his cases and failed to return Hedge's files to him.

Respondent represented the Carrolls in several litigations. Respondent did not perform the work requested, return phone calls, or return the files or unearned retainer.

Respondent's neglect and misrepresentations violated Minn.R.Prof.Conduct 1.3, 1.4(a), 3.4(c), and 8.4(c).

### 2. Forgery and Temporary Misappropriation

Respondent represented Nancy Thorn in litigation which was settled for $2,500 in May 1988. Respondent was entitled to a one-third contingent fee. Respondent forged Thorn's signature on the settlement check and deposited her share, approximately $1,600, into his personal account. In July 1988, Thorn learned that the check had been issued in May. After she made several requests, respondent made restitution.

Respondent's forgery and misappropriation of client funds violated Minn.R.Prof. Conduct 1.15(a), (b)(3)–(4), and 8.4(b)–(d).

### 3. Failure to Comply With Discovery Orders and Court Orders to Pay Fees

Respondent failed to inform John Thorn of hearings in August and November 1989 on several litigation matters. He also failed to notify Thorn of court orders for discovery and fees. One of Thorn's cases was dismissed with prejudice as a result of failure to comply with court orders.

Respondent's failure to comply with discovery and failure to communicate with his client violated Minn.R.Prof.Conduct 1.3, 1.4(a), 3.4(d) and 8.4(d).

### 4. Failure to Account For or Return Client Property and Unearned Fees

Respondent was paid a $2,500 advance fee by Charles Kelley in the fall of 1988. Kelley terminated the relationship because he believed that respondent failed to perform the promised services. Respondent told Kelley that he would conduct an accounting and return any unearned portion of the advance fee. Respondent has done neither.

Respondent also has failed to account or refund fees to other clients.

Respondent's failure to account for or return client property violated Minn.R. Prof.Conduct 1.15(b)(3)–(4) and 1.16(d).

### 5. Issuing a Check on a Closed Account and Failure to Appear in Court

Respondent wrote a personal check in October 1988 for $804 to avoid arrest on an outstanding warrant resulting from 18 unpaid parking tickets. The account had been closed. Respondent was arrested after the check was returned. Respondent posted a $1,000 bond, but failed to appear before the court at the scheduled hearing.

Knowingly issuing a check on a closed account and failing to appear in court are violations of Minn.R.Prof.Conduct 8.4(b)–(d).

### 6. Noncooperation

Respondent failed to cooperate with the director's investigation into numerous ethics complaints filed against him. He failed to provide written responses to the complaints even after the director had repeatedly requested them from May 4, 1989,

until August 7, 1989. Respondent then agreed to cooperate with the investigation, and he made written responses to several complaints.

Respondent thereafter has failed to respond to other ethics complaints filed by The Honorable Gerard Ring, Sam Hedge, and the Carrolls. The director has mailed copies of the additional complaints to respondent and has requested written responses. Respondent has not returned telephone calls, corresponded, or attended meetings with the director.

Noncooperation with the disciplinary process is a violation of Minn.R.Prof.Conduct 8.1(a)(3) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The director's second supplementary petition details allegations of additional misrepresentations to clients, failure to return client files and unearned retainers, neglect, failure to pay court-ordered awards of fees, and issuing checks on a closed account. In one case, respondent accepted a $15,000 retainer fee to represent a defendant in court in the State of Wisconsin, then failed to appear on behalf of his client. Respondent was not licensed to practice before that court. In addition, the petition alleges that respondent continued to practice law after he was suspended for nonpayment of his attorney registration fee.

The respondent has not answered the ethics complaints or filed a brief in this matter. The director believes that respondent abandoned his practice.

Thus, the sole issue before us is the appropriate discipline for respondent's misconduct.

■■■ The primary purpose of attorney discipline is protection of the public. *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982). In considering appropriate sanctions for misconduct, this court weighs the following factors: (1) the nature of the misconduct, (2) the cumulative weight of the disciplinary violations, (3) the harm to the public, and (4) the harm to the legal profession. *In re Smith*, 381 N.W.2d 431, 434 (Minn. 1986). Sanctions are imposed according to the unique facts of each case, but earlier

cases are useful for drawing analogies. *In re Wareham*, 413 N.W.2d 820, 821 (Minn. 1987).

■■■ Repeated neglect of client matters, misrepresentations, and failure to communicate with clients typically warrant indefinite suspension. *See, e.g., In re Schaefer*, 423 N.W.2d 680 (Minn.1988) (multiple acts of misconduct including neglect, failure to communicate with clients, false statements to clients, failure to cooperate with the disciplinary process, and practice of law while under suspension). *See also In re Levenstein*, 438 N.W.2d 665 (Minn.1989); *In re McCoy*, 422 N.W.2d 731 (Minn.1988). Indefinite suspension was imposed in *In re Madsen*, 426 N.W.2d 434 (Minn.1988), for neglect of three client matters, abandonment of law practice, failure to inform clients of new address and telephone number, failure to return clients' telephone calls, and failure to cooperate with the Lawyers Professional Responsibility Board.

In more extreme cases, neglect, misrepresentation to clients, and failure to communicate with clients have led to disbarment. Gross neglect with a demonstrated pattern resulted in disbarment in *In re Jones*, 383 N.W.2d 303 (Minn.1986). In *In re Weyhrich*, 339 N.W.2d 274 (Minn.1983), disbarment was appropriate for an attorney who repeatedly neglected client matters, failed to communicate with clients over a 4-year period, and failed to cooperate with the board. Aggravating factors were the great financial harm—over $400,000 suffered by clients—and the fact that the attorney was on disciplinary probation while misconduct occurred. "Inexcusable neglect" of multiple matters with no mitigating factors led to disbarment in *In re Braggans*, 280 N.W.2d 34, 35 (Minn.1979).

Forgery of a client's signature on a check and temporary misappropriation of her funds warrant discipline. This court has ordered disbarment for such misappropriation. A single misappropriation of $4,800 from one client, with concealment for 4 years, led to disbarment in *In re Parks*, 396 N.W.2d 560 (Minn.1986). Where there have been mitigating circumstances, the court instead has imposed in-

definite suspension. *See, e.g., In re Pyles,* 421 N.W.2d 321 (Minn.1988) (exemplary private life combined with psychological disorder); *In re Bernstein,* 404 N.W.2d 804 (Minn.1987) (good character, isolated instance of misappropriation of small amount of money, full restitution). *See also In re Shaw,* 298 N.W.2d 133 (Minn.1980) (public reprimand sufficient where commingling was single event, lasted short time, with restitution).

Failure to comply with discovery and court orders led to indefinite suspension in *In re Truelson,* 427 N.W.2d 674 (Minn. 1988). *See also In re McCoy,* 447 N.W.2d 887 (Minn.1989) (failure to respond to court order). In *Truelson* and *McCoy,* the attorney also failed to account for or return client property and unearned fees as in the present case. Respondent Walker's issuing a check on a closed account in order to avoid arrest, followed by his failure to appear in court after posting bond, indicates lack of respect for the legal system and constitutes professional misconduct also.

■ Noncooperation with the disciplinary process is a serious offense in itself. A lawyer has an ethical obligation to cooperate in the investigation and resolution of complaints. *In re Gorgos,* 382 N.W.2d 857 (Minn.1986). Noncooperation alone has warranted suspension. *See In re Cartwright,* 282 N.W.2d 548 (Minn.1979) (noncooperation alone justified 6–month suspension). The court imposed indefinite suspension on an attorney whose misconduct was noncooperation and neglect of one client matter in *In re Rockne,* 375 N.W.2d 28 (Minn.1985). The court ordered indefinite suspension of another attorney who neglected six client matters and cooperated only sporadically with the director's office. *In re Logan,* 442 N.W.2d 312 (Minn.1989). *See also In re Helder,* 396 N.W.2d 559 (Minn.1986) (indefinite suspension for failure to cooperate and failure to communicate with client). The court has recognized that, where an attorney decides to cooperate after initially failing to respond to complaints, the discipline imposed should be less severe than when the attorney refuses to cooperate. *In re Wareham,* 413 N.W.2d

820, 822 (Minn.1987). *Compare In re Cartwright,* 282 N.W.2d 548, 552 (Minn. 1979) (flagrant noncooperation alone justifies suspension).

Respondent in the present case has demonstrated a pattern of noncooperation. He failed to respond in a timely manner to the first complaints after the director repeatedly requested responses. After a number of months, respondent agreed to cooperate and responded to three of the complaints. He has failed to cooperate since then. He has not responded to correspondence from the director, he has not answered three petitions, and he has not filed a brief with this court.

■ In determining appropriate discipline, the court considers the number of clients harmed, the extent of the clients' injuries, prior misconduct and discipline, and any mitigating circumstances. *In re Flanery,* 431 N.W.2d 115, 118 (Minn.1988). Respondent has neglected client matters, failed to return files and unearned retainers, and otherwise failed adequately to represent eight clients. The harms done include misappropriation of $1,600 for 2 months, delay in client cases, dismissal of a suit with prejudice and $1,550 in court-ordered assessments, and the loss of unearned retainers and court fees paid in advance to respondent. Respondent has not been disciplined before, but he was only admitted to practice in 1986. Finally, the record reflects no mitigating circumstances.

Because of the numerous individual violations, any one of which would warrant serious discipline, we believe that disbarment is the only appropriate remedy. Accordingly, it is the order of this court that respondent be disbarred effective with issuance of this opinion.