In re Petition for DISCIPLINARY AC-
TION AGAINST Bradley K. ANDER-
SON, an Attorney at Law of the State of
Minnesota.

No. C6–96–48.

Supreme Court of Minnesota.

April 26, 1996.

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Bradley K. Anderson, has committed unprofessional conduct by seriously and persistently neglecting a legal matter entrusted to him; and

WHEREAS, the respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend a public reprimand and 2 years' supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably by requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews

each and every file and completes legal matters on a timely basis.

f. Within 30 days from the date of this court's order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records shall also be made available to the Director upon request; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the stipulated to discipline,

IT IS HEREBY ORDERED that respondent Bradley K. Anderson is publicly reprimanded and he is placed on supervised probation for 2 years on the conditions set out above and agreed to by the Director and respondent.

The Director is awarded costs and disbursements in the amount of $750.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice

PAGE, Justice (dissenting).

I would reject the stipulation agreed to by respondent and the Director. The sanction imposed by the stipulation is not adequate to protect the public or deter future misconduct. *See In re Jensen,* 418 N.W.2d 721 (Minn.1988).

Therefore, I respectfully dissent.