**In the Matter of the Application for the DISCIPLINE OF Thomas E. MOORE, an Attorney at Law of the State of Minnesota.**

No. CO–74–45110.

Supreme Court of Minnesota.

Nov. 7, 1985.

## ORDER

The Lawyers Professional Responsibility Board, acting through its Director, has filed a petition alleging that respondent Thomas E. Moore had violated several rules of judicial conduct warranting attorney discipline. The respondent represented by counsel entered into a stipulation with the Director. In the stipulation, the respondent waived all rights he had to a hearing before a referee and stipulated that this court could enter its order imposing discipline pursuant to provisions of the stipulation. In the stipulation the respondent admitted that he had been placed on probation for misconduct involving neglect of client matters on August 6, 1974. While on probation respondent accepted a warning for neglecting a client matter and failing to cooperate in disciplinary investigation. He was, however, terminated from probation on June 7, 1979. In 1981 he was retained to pursue a personal injury claim by two clients. He associated with another attorney. After doing so, he failed to respond to inquiries from clients or the attorney concerning the status of the claim and delayed transferring the file to the other lawyer after he had been discharged, all in violation of DR 1–102(A)(5) and (6), DR 6–101(A)(3) and DR 9–102(B)(4), Minnesota Code of Professional Responsibility. One of those clients made a complaint to the Lawyers Professional Responsibility Board. The respondent failed to respond to inquiries of the District Ethics Committee and of the Director of the Board during the investigation of the complaint. He failed to appear at a pre-hearing conference and failed to appear at the panel hearing scheduled by the Director, all in violation of Rule 25, Minn.R.Law.Prof.Resp., and this court's holding in *In re Cartwright*, 282 N.W.2d 548 (Minn.1979). Moreover, respondent agreed that he had failed to prepare proposed findings in a marriage dissolution action as directed by Ramsey County District Court and failed to respond to the court's inquiries concerning the findings in violation of DR 1–102(A)(5) and (6) and DR 6–101(A)(3), Minnesota Code of Professional Responsibility, then in effect. In mitigation the respondent contends that he has been experiencing psychological problems which at times interfere with his ability to cope with the pressures of practicing law. He has presented to the Director medical reports which state that he is under a physician's care, is taking medication recommended by his doctor, and as long as he

does so will be able to effectively practice law.

The court having considered the petition, the past history of the respondent, and the terms of the stipulation,

IT IS NOW ORDERED:

1. Respondent is hereby publicly reprimanded for the conduct set forth in the stipulation.

2. The respondent is forthwith placed on probationary status for a period of three years. The terms of that probation shall be:

(a) Respondent shall abide by the Minnesota Rules of Professional Conduct. He shall cooperate with the Director's investigation of any allegations of unprofessional conduct which has or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the conditions of the respondent's probation.

(b) Within 15 days of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the conditions of his probation. If he fails to do so, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to the Director as supervisor. The supervisor so appointed shall file written reports with the Director at least quarterly or at such other more frequent intervals as may reasonably be requested by the Director.

(c) Respondent shall immediately establish office procedures sufficient to ensure that he does not neglect client matters entrusted to him and that he maintains adequate communications with all clients, courts and other parties having an interest in matters handled by him. At all times respondent shall cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with his probation and to verify that such procedures have been implemented.

(d) Respondent shall report at least quarterly to the supervisor concerning the status of all matters then being handled by him and concerning compliance with the conditions of his probation.

(e) Throughout the course of his probation, respondent shall continue to obtain counseling with a doctor or a counselor approved by the Director and shall arrange for the doctor or counselor to provide quarterly reports to the Director concerning the status of respondent's treatment. Respondent shall moreover report to the Director at least quarterly concerning his compliance with the recommendations of his doctor or counselor, including his compliance with recommendations concerning prescription medications. In order to effectuate this provision, respondent shall provide the Director with such authorizations as may be deemed appropriate by the Director to obtain copies of respondent's medical and counseling reports and to discuss respondent's treatment program with respondent's doctor or counselor.

(f) If, after giving respondent an opportunity to be heard, the Director concludes respondent has not complied with the conditions of probation as contained in this order, then the Director may file a petition for disciplinary action against respondent or a petition for transfer of respondent to disability status without the necessity of any further panel proceeding. Such petition may include any unprofessional conduct alleged by the Director and any violation of the conditions of the probation so alleged.

3. Respondent shall pay to the office of the Director within 30 days from the date of this order $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.