In re Petition for DISCIPLINARY AC-
TION AGAINST Nancy T. KLEMEK,
an Attorney at Law of the State of
Minnesota.

No. C2-89-1081.

Supreme Court of Minnesota.

Oct. 13, 1989.

William J. Wernz, Director of the Office
of Lawyers Professional Responsibility, St.
Paul, for appellant.

Nancy T. Klemek, Fairmont, for respon-
dent.

PER CURIAM.

This matter comes to us on the petition
of the Director of the Lawyers Profession-
al Responsibility Board for disciplinary ac-
tion against respondent Nancy T. Klemek,
a sole practitioner admitted to the Minneso-
ta bar in 1977. Respondent failed to serve
and file answers to the petition and, thus,
the allegations in the petition are deemed
admitted. Rule 13(b), Rules on Lawyers
Professional Responsibility (RLPR). A
hearing was set before this court for the

purpose of considering the imposition of
appropriate discipline. We now conclude
that respondent should be suspended indef-
initely for a minimum of six months with
conditions for reinstatement.

Respondent has been subject three times
before to private sanctions for client ne-
glect. The present petition, served on June
14, 1989, while respondent was on private
supervised probation, arises from neglect
of another client matter, failure to cooper-
ate with the requirements of her probation,
and failure to cooperate with this discipli-
nary investigation.

In her more recent private probation, re-
spondent agreed that she would cooperate
with her probation supervisor in efforts to
monitor compliance with her probation, to
report at least quarterly to her supervisor
about all client matters, and to reply to all
correspondence from the director within 10
days. Despite these stipulations, respon-
dent has repeatedly ignored her obligations
under the private probation. She failed to
initiate timely contact with her supervisor,
failed to provide information on her client
files as requested by her supervisor when
contact was finally made, failed to reply to
two certified letters from the director, and
failed to attend two scheduled meetings
with the director arranged for the purpose
of discussing the persistent difficulties ex-
perienced with respondent regarding the
requirements of her probation. In failing
to cooperate with her probation, respondent
violated Minnesota Rules of Professional
Conduct 3.4(c) (lawyer shall not knowingly
violate rules of tribunal), and 8.4(d) (lawyer
shall not engage in conduct prejudicial to
administration of justice).

Respondent's noncooperation with her
private probation was aggravated by an-
other complaint of client neglect. Respon-
dent was retained to probate an estate.
When property belonging to the estate was
sold, both the personal representative and
the buyer requested respondent to provide
the abstract in her possession to the buyer.
Despite these requests, and several re-
quests from the buyer's attorney, respon-
dent apparently still has not provided the

buyer the abstract. Respondent's failure to provide this abstract violated, and continues to violate, Minnesota Rules of Professional Conduct 1.15(b)(4) (lawyer shall promptly return property to client), and 1.3 (lawyer shall act with reasonable diligence).

Respondent has also demonstrated indifference to the present disciplinary process. The only reply received from respondent about the latest allegations of client neglect and her noncooperation with her probation was a letter delivered the day before oral arguments were heard. Respondent has proffered to the Office of Professional Responsibility and this court neither explanation nor excuse for her conduct. Respondent's failure to cooperate with the Board, and her decision to ignore these proceedings, constitutes a separate act of professional misconduct. *In re Cartwright*, 282 N.W.2d 548, 552 (Minn.1979). Rule 25, RLPR (lawyer's required cooperation).

Our purpose in suspending respondent is not to punish but to protect the public and deter future misconduct. *In re Jensen*, 418 N.W.2d 721, 722 (Minn.1988). The nature of the misconduct, the cumulative weight of the disciplinary violations, the harm to the public and to the legal profession are all factors considered when determining the appropriate discipline. *See, e.g., In re Schaefer*, 423 N.W.2d 680, 683 (Minn. 1988); *In re Moore*, 431 N.W.2d 261, 263 (Minn.1988). Because of her repeated neglect of client matters and the lack of cooperation with her private probation and this disciplinary process, we are forced to take steps to impress upon respondent the seriousness of her ethical obligations to her clients and to the legal profession.

It is, therefore, the judgment of this court:

1. Effective immediately respondent Nancy T. Klemek is indefinitely suspended from the practice of law.

2. Respondent may not petition for reinstatement until at least six months have elapsed from the date of filing this opinion and, in addition, the following conditions have been met:

a. Respondent shall successfully complete such written examination as the State Board of Law Examiners requires for admission to the practice of law on the subject of professional responsibility.

b. Respondent shall comply with the requirements of Rule 26, RLPR.

C. Respondent shall pay to the director $750 in costs pursuant to Rule 24, RLPR, payment to be made within 60 days of the date of filing this opinion.

IT IS SO ORDERED.