**In re Petition for DISCIPLINARY ACTION AGAINST Cherylyn Trousdell PUCEL, an Attorney at Law of the State of Minnesota.**

No. C7–98–1875.

Supreme Court of Minnesota.

Feb. 11, 1999.

Edward J. Cleary, Director, Betty M. Shaw, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for relator.

Cherylyn Trousdell Pucel, Williamsburg, Virginia, pro se.

## OPINION

PER CURIAM.

On August 7, 1998, the Director of the Office of Lawyers Professional Responsibility charged respondent, Cherylyn Trousdell Pucel, with unprofessional conduct in connection with her representation of Darby Opsahl. Respondent failed to respond to the charges and to appear at the September 10, 1998 prehearing meeting. The Director then filed and served a Petition for Disciplinary Action based on the August 7, 1998 charges. Again respondent failed to answer, and on November 2, 1998, the director filed a Motion for Summary Relief. On November 23, 1998, we

granted the Director's motion and must now decide on the appropriate discipline to impose.

Because respondent has failed to file an answer to the Director's Petition for Disciplinary Action, the allegations contained in the Petition shall be deemed admitted.[1] Thus, the following facts and allegations are not in dispute.

Respondent was admitted to practice law in Minnesota on May 10, 1991. Respondent last practiced law in North St. Paul. On July 1, 1998, respondent was suspended for nonpayment of the attorney registration fee. Nothing in the record indicates any other previous disciplinary history.

In May 1996, while incarcerated at the Faribault Correctional Facility, Darby Opsahl retained respondent to bring a postconviction relief motion for ineffective assistance of counsel. Respondent requested a $2,500 retainer fee and $1,000 cost advance to hire an investigator. Opsahl's parents paid respondent the requested fee and cost advance totaling $3,500. However, there was no written retainer agreement and respondent did not retain the $3,500 in her trust account. From May 1996 to February 1997, Opsahl telephoned respondent and left numerous messages inquiring into the status of his case. Respondent failed to return Opsahl's telephone calls and failed to take any action on Opsahl's matter.

Opsahl eventually retained a new attorney and requested his file, the return of his retainer, and an accounting of any money expended on his behalf. Respondent has neither returned Opsahl's money nor provided an accounting of expenditures. Respondent did return Opsahl's file, but nothing in the file indicated that respondent performed any work on Opsahl's behalf.

On February 4, 1998, the Director sent respondent a notice of investigation of Opsahl's complaint, and requested respondent's response within 14 days, which respondent failed to provide. On June 12, 1998, the Director sent respondent a letter requesting a response to the February 4, 1998 notice by certified mail, return receipt requested. Re-

spondent's housemate signed for the letter. Despite the letter's warning that failure to cooperate with the disciplinary investigation could in and of itself result in discipline, respondent again failed to reply.

On February 6, 1998, the Second District Ethics Committee sent respondent a notice of the investigator's name and address, and the District Ethics Committee also requested a written response to the notice of investigation. Just as respondent failed to reply to the Director's notice of investigation, respondent also failed to provide the requested written response to the District Ethics Committee investigator.

On August 7, 1998, the Director issued charges of unprofessional conduct and a notice of a September 10, 1998 prehearing meeting. The charges and notice were personally served on respondent on August 11, 1998. Again, respondent failed to acknowledge the notice and failed to appear at the prehearing meeting. The Director then filed and served a Petition for Disciplinary Action on September 22, 1998, which respondent also failed to answer. On November 2, 1998, the director filed a Motion for Summary Relief, which this court granted on November 23, 1998.

Respondent's conduct violates the following Minnesota Rules of Professional Conduct (MRPC) and Rules on Lawyers Professional Responsibility (RLPR): (1) respondent's failure to pursue Opsahl's criminal matter violates MRPC 1.3; (2) respondent's failure to return Opsahl's telephone calls or otherwise communicate with Opsahl violates MRPC 1.4; (3) respondent's failure to maintain Opsahl's retainer and cost advance in trust violates MRPC 1.15(a); (4) respondent's failure to provide an accounting of the funds and return the unearned portion of the funds violates MRPC 1.15(b) and MRPC 1.16(d); and (5) respondent's failure to cooperate with the Director of the Office of Lawyers Professional Responsibility and the District Ethics Committee violates MRPC 8.1(a)(3) and Rule 25, RLPR.

■ Because these violations are deemed admitted, we must now only decide on the

1. Rule 13(b), Rules on Lawyers Professional Responsibility.

appropriate discipline for respondent.[2] We have often stated that " '[t]he purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public and the legal profession, as well as to guard the administration of justice.' "[3] We have also expressed the need for the attorney's cooperation with the investigation of a complaint. "We have long recognized that it is imperative that an attorney cooperate with disciplinary authorities in their investigation and resolution of complaints against the lawyer."[4]

■ In deciding the appropriate discipline for an attorney's misconduct, we consider "(1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession."[5] In addition, we often consult cases involving similar misconduct in our efforts to impose appropriate and fair sanctions.[6]

In prior discipline cases, we have concluded that an attorney's pattern of neglect and lack of communication, failure to account for advanced fees and costs, and failure to cooperate with the disciplinary investigation or proceedings typically warrants an indefinite suspension. In *In re Bishop*, we indefinitely suspended an attorney for his neglect of four clients and their respective legal matters, and for failing to cooperate in the Director's disciplinary investigation and proceedings.[7] In *In re Engel*, we again indefinitely suspended an attorney for failing to communicate with two clients and not cooperating with the Director's investigation.[8] Similarly, in *In re Jensen*, we indefinitely suspended an attorney for neglect of two client matters, practicing law while suspended for failure to pay attorney registration fee, and failing to cooperate in disciplinary proceedings.[9]

In the present case, respondent neglected and failed to communicate with a client and failed to cooperate with the disciplinary investigation. Further, respondent failed to properly maintain a client's funds in trust and failed to account for and return the client's funds. Finally, respondent is currently suspended for nonpayment of the attorney registration fee. For these reasons, we order that:

1. Respondent Cherylyn Trousdell Pucel be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR;

2. Respondent comply with Rule 26, RLPR; and

3. Respondent pay to the director a sum of $900 for costs and disbursements pursuant to Rule 24, RLPR.

Indefinite suspension ordered.

**2.** *See Order of the Supreme Court Granting Summary Relief*, No. C7–98–1875 (November 23, 1998) at 1–2; *see also* Rule 13(b), RLPR.

**3.** *In re Bishop*, 582 N.W.2d 261, 263 (Minn.1998) (quoting *In re Madsen*, 426 N.W.2d 434, 435 (Minn.1988)).

**4.** *In re Engel*, 538 N.W.2d 906, 907 (Minn.1995) (citing *In re Sigler*, 512 N.W.2d 899 (Minn.1994); *In re Cartwright*, 282 N.W.2d 548 (Minn.1979); *In re Larson*, 210 Minn. 414, 298 N.W. 707 (1941)).

**5.** *Madsen*, 426 N.W.2d at 436.

**6.** *Id.*

**7.** 582 N.W.2d at 261.

**8.** 538 N.W.2d at 907.

**9.** 418 N.W.2d 721, 722–23 (Minn.1988).