In re Petition for DISCIPLINARY AC-
TION AGAINST Heidi H. CRISSEY,
an Attorney at Law of the State of
Minnesota.

No. C1–01–1799.

Supreme Court of Minnesota.

June 13, 2002.

Edward J. Cleary, Director, Office of
Lawyers Professional Responsibility, Mary
L. Galvin, Assistant Director, St. Paul,
MN, Petitioner's Attorney.

Heidi H. Crissey, Lake Elmo, MN, Re-
spondent's Attorney.

OPINION

PER CURIAM.

Respondent Heidi H. Crissey has been
licensed to practice law in Minnesota since
May 11, 1984. The Director of the Office
of Lawyers Professional Responsibility
(OLPR) served charges of unprofessional

conduct on respondent pursuant to Rule 9(e), Rules on Lawyers Professional Responsibility (RLPR). Respondent appeared for a prehearing meeting on December 22, 2000, but following the meeting failed to sign and return the prehearing statement and thereafter failed to otherwise cooperate with the OLPR.

The OLPR then brought a notice of motion and motion requesting the Lawyers Professional Responsibility Board Panel Chair ("Panel Chair")'s approval to file a petition for disciplinary action based on respondent's flagrant noncooperation pursuant to Rule 10(d), RLPR. The Panel Chair granted the motion and authorized the petition for disciplinary action. On October 11, 2001, the OLPR personally served respondent with the petition for disciplinary action. The notice and petition were filed with this court on October 18, 2001. Respondent failed to serve or file an answer to the petition. On November 6, 2001, the OLPR served and filed a motion for summary relief pursuant to Rule 13(b), RLPR. On November 15, 2001, we granted the motion, and thus, the allegations of the petition are deemed admitted and the following facts are not in dispute.

In September 1997 a client retained respondent to represent him. In February 1998 respondent was diagnosed with cancer and received treatment through the spring of 1999. Respondent failed to inform the client that because of a medical condition she was unable to work on the case. She took no action on his case and despite his numerous inquiries failed to keep him informed as to the status of his case. When the client retrieved his file in 1999, the file's condition indicated that respondent had done no work on the matter; however respondent claimed she did make some personal notations in the file which she withheld and to date has failed to provide to the OLPR despite its request that she do so. Respondent has also failed to refund the fees paid by the client; while she has indicated a willingness to do so "minus a token amount" for time she allegedly spent on collateral matters, she alleges that financial difficulties prohibit her from doing so at this time.

In addition to her unprofessional conduct in the client matter, respondent has failed to cooperate with the OLPR's investigation of that matter. The OLPR sent respondent several letters between December 1999 and September 2000 requesting that she provide copies of the materials which respondent failed to return to the client with the rest of the file; respondent failed to respond to all of those letters. Respondent did not attend a scheduled meeting with the OLPR in September 2000. Once charges were filed against respondent she attended a prehearing conference with the OLPR in December 2000 but subsequently failed to execute and return a prehearing statement despite multiple requests from the OLPR to do so. She also failed to attend meetings with the OLPR in May and June of 2001. Respondent failed to respond to the OLPR's letters to schedule a panel hearing in August 2001. The Panel Chair granted the OLPR's motion to bypass the panel hearing due to respondent's flagrant noncooperation. *See* Rule 19(d), RLPR. The panel hearing bypass motion was heard by telephone on August 8, 2001, the day before the panel hearing was scheduled to take place. During the telephone motion, respondent admitted she would not appear for the panel hearing. The Panel Chair then approved filing of the petition for disciplinary action to this court. Following a telephone conversation with respondent on August 13, 2001, the OLPR sent her a proposed stipulation of discipline in this case, and the petition for disciplinary ac-

tion accompanied by an admission of service by mail.

The OLPR filed a petition for disciplinary action on October 18, 2001. The delay in filing was caused by respondent's failure to execute and return the admission of service by mail, or to accept the OLPR's initial attempts at personal service. Personal service was ultimately obtained on October 11, 2001, and thus respondent's answer was due by October 31, 2001. Respondent did not respond. On November 6, 2001, the OLPR moved for summary relief and on November 15, 2001, this court ordered the allegations of the petition be deemed admitted pursuant to Rule 13(b), RLPR.

■ Respondent's misconduct includes neglecting a client, failing to keep a client adequately advised, charging an unreasonable fee, failing to make repayment of unearned fees, failing to return client property, and failing to cooperate in a disciplinary proceeding. Respondent's conduct in the client matter violates Minn. R. Prof. Conduct 1.3, 1.4, 1.5, 1.16(d). Respondent's conduct in failing to cooperate with the disciplinary investigation and process constitutes a violation of Minn. R. Prof. Conduct 8.1(a)(3).

In a letter to this court filed in December 2001, respondent agreed that indefinite suspension is the appropriate discipline in this case, but asks that we not make this disciplinary matter public. The letter states that she did not sign and return the proposed stipulation agreeing to that very discipline because the stipulation failed to mention her medical problems and because the matter would be made public.

## I.

■ This court has final responsibility to determine appropriate sanctions in attorney discipline cases. *In re Perry,* 494 N.W.2d 290, 293 (Minn.1992); *In re*

*Isaacs,* 406 N.W.2d 526, 529 (Minn.1987). To determine the appropriate sanction for violating professional conduct rules, we consider the nature of the misconduct, the cumulative weight of the rule violations and the harm to the public and legal profession. *Id.* at 292–93. Guidance comes from discipline imposed in similar cases, *In re Campbell,* 603 N.W.2d 128, 132 (Minn. 1999), however "each case is unique and must be examined on its own facts." *In re Dvorak,* 554 N.W.2d 399, 403 (Minn.1996).

In the past we have concluded that an attorney's neglect of a client matter, lack of communication, failure to account for a client's funds, and failure to cooperate with the disciplinary investigation or proceedings warrants an indefinite suspension. *See In re Pucel,* 588 N.W.2d 741, 743 (Minn.1999). In *Pucel,* the attorney committed misconduct that included neglecting a client matter, failing to return that client's unearned retainer, and failing to cooperate with the OLPR's investigation. *Pucel,* 588 N.W.2d at 743. Pucel was indefinitely suspended. *Id.* at 741–43. We also consider that here, a Lawyers Professional Responsibility Board Panel privately admonished respondent in 1991 for unprofessional conduct.

■ In light of the purposes underlying our attorney discipline system—to protect the public, the legal profession, and to guard the administration of justice, *see In re Madsen,* 426 N.W.2d 434, 436 (Minn. 1988)—we must regulate the legal profession in view of the public and therefore cannot grant respondent's request that this matter be kept private. Had respondent cooperated with the OLPR's investigation between 1999 and 2001 perhaps a private resolution could have been reached, but once a petition for discipline is filed with this court the matter is public.

144

## II.

Based on respondent's admission that indefinite suspension is the appropriate sanction in this case and on respondent's misconduct, we order that respondent Heidi H. Crissey be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR, and that she comply fully with the requirements of Rule 26, RLPR. We waive the requirement that respondent pay to the OLPR the sum of $900 in costs and disbursements. *See* Rule 24, RLPR.

So ordered.