**In re Petition for DISCIPLINARY ACTION AGAINST Samuel M. VAUGHT, a Minnesota Attorney, Registration No. 131519.**

No. A04–1438.

Supreme Court of Minnesota.

March 31, 2005.

Kenneth L. Jorgensen, Director, Cassie Hanson, Asst. Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner Lawyers Professional Responsibility Board.

## OPINION

PER CURIAM.

Samuel M. Vaught, a licensed Minnesota attorney since 1981, primarily represented various pension and trust funds. This attorney discipline case arose from a July 13, 2004, petition filed by the Director of the Office of Lawyers Professional Responsibility alleging that Vaught violated Minn. R. Prof. Conduct 1.4, 1.15(c), and 8.4(c) and (d) (misappropriation of client funds and false statements); 1.16(d) (failure to promptly return client files); 8.1(a)(3) (noncooperation with the disciplinary proceeding); and Rule 25 of the Rules on Lawyers Professional Responsibility (RLPR) (failure to attend prehearing meeting).[1] The matter is now before us on

---

1. Minn. R. Prof. Conduct 1.4 Communication
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
Minn. R. Prof. Conduct 1.15 Safekeeping Property
* * * *
(c) A lawyer shall:
(1) promptly notify a client or third person of the receipt of the client's or third person's funds, securities, or other properties.
(2) identify and label securities and properties of a client or third person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) maintain complete records of all funds, securities, and other properties of a client or third person coming into the possession of the lawyer and render appropriate accounts to the client or third person regarding them.
(4) promptly pay or deliver to the client or third person as requested the funds, se-

the admitted allegations of the petition and the recommendation that the appropriate discipline is disbarment. We agree with the Director's recommendation and order that Vaught be disbarred from the practice of law in Minnesota.

In his written submission and oral argument to this court, Vaught challenges the allegations of the petition. However, Vaught failed to answer the petition for disciplinary action against him and, therefore, the allegations are deemed admitted. Rule 13(b), RLPR.[2] After the Director filed and served a motion for summary relief, Vaught did not file an answer within the specified time, pursuant to Rule 13(a), RLPR. Vaught did not oppose the motion. This court granted the summary relief motion deeming the allegations of the petition admitted.

On January 7, 2002, in a separate disciplinary matter, Vaught was indefinitely suspended from the practice of law for a minimum period of three years. *In re Vaught*, 637 N.W.2d 570 (Minn.2002). Grounds for suspension included misappropriation of client funds. *Id.* at 571. At the time of his suspension, Vaught had been representing a number of trust funds (the Trust Funds) for a period of several years. As a consequence of his suspension, Vaught proceeded to conclude his work for the Trust Funds. The new attorney retained by the Trust Funds discovered that between August 26, 1999, and July 16, 2001, Vaught received nearly $50,000 in settlement proceeds on behalf of the Trust

curities, or other properties in the possession of the lawyer which the client or third person is entitled to receive.
Minn. R. Prof. Conduct 8.4 Misconduct
It is professional misconduct for a lawyer to:
* * * *
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice[.]
Minn. R. Prof. Conduct 1.16 Declining or Terminating Representation
* * * *
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.
Minn. R. Prof. Conduct 8.1 Bar Admission and Disciplinary Matters
(a) An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
* * * *
(3) knowingly fail to respond to an admissions or disciplinary authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand.
Rule 25, RLPR, Required Cooperation
(a) Lawyer's duty. It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director, the Director's staff, the Board, or a Panel, by complying with reasonable requests, including requests to:
    (1) Furnish designated papers, documents or tangible objects;
    (2) Furnish in writing a full and complete explanation covering the matter under consideration;
    (3) Appear for conferences and hearings at the times and places designated.
* * * *

2. Rule 13, RLPR, Answer to Petition for Disciplinary Action
    (a) Filing. Within 20 days after service of the petition, the respondent shall file an original and seven copies of an answer in this Court. The answer may deny or admit any accusations or state any defense, privilege, or matter in mitigation.
    (b) Failure to File. If the respondent fails to file an answer within the time provided or any extension of time this Court may grant, the allegations shall be deemed admitted and this Court may proceed under Rule 15.

Funds, which he appropriated for his own use and benefit. In a "Final Invoice" dated January 8, 2002, Vaught acknowledged receipt of $37,479.23 in settlement proceeds, but he maintained that those funds had represented fees and costs owed to him by the Trust Funds.

The new attorney for the Trust Funds brought this matter to the attention of the Director, alleging misappropriation of funds. On January 16, 2003, the Director wrote to Vaught requesting a written response to the allegations of misappropriation. Vaught failed to respond. The Director wrote twice more requesting a written response to the complaint. Vaught never responded. Consequently, on April 18, 2003, the Director issued charges against Vaught alleging misappropriation of client funds, related false statements, failure to timely return original client files, and noncooperation with the disciplinary proceedings.

The Director also mailed notice to Vaught of a prehearing meeting scheduled for May 20, 2003. Vaught failed to answer the charges, but faxed a letter on May 20, 2003, prior to the meeting, stating that various personal and health-related issues had prevented him from cooperating in the Director's investigation. At the prehearing meeting, Vaught admitted that he had not prepared an answer to the charges, or even reviewed them. The Director continued the meeting to June 10, 2003, to give Vaught time to prepare a response, repeated the request for the information and documents already requested in three separate letters, and requested documentation of Vaught's medical condition. The Director also requested that Vaught provide an answer to the charges at least seven days before the June 10 meeting.

On May 28, 2003, the Director wrote to Vaught requesting that the time of the June 10, 2003, meeting be changed from 10 a.m. to 1 p.m. Vaught did not respond to this letter, nor did he answer the charges or provide medical documentation. On the morning of June 10, Vaught faxed a letter to the Director stating that he would not be able to attend the meeting scheduled for that day. He wrote in the letter: "[C]ontingent upon being able to agree to a factual stipulation, I would accept disbarment as a consequence of and in resolution of the above-referenced charge. * * * [M]y behavior has been such that I do not disagree disbarment is an appropriate penalty." In response, the Director sent Vaught a proposed petition for disciplinary action and stipulation for discipline and scheduled a June 17, 2003, meeting, either to execute the stipulation or to hold the prehearing meeting if an agreement as to the facts could not be reached.

Vaught did not appear at the June 17 meeting. The Director wrote to him on June 18, 2003, offering another opportunity to meet on June 26, 2003. Vaught failed to appear. On July 1, 2003, the Director filed a panel bypass motion pursuant to Rule 10(d), RLPR,[3] and a motion for approval to file a petition for disciplinary action. However, the Director withdrew the panel bypass motion on August 7,

---

**3.** Rule 10, RLPR, Dispensing with Panel Proceedings

    * * * *

    (d) Other Serious Matters. In matters in which there are an attorney's admissions, civil findings, or apparently clear and convincing documentary evidence of an offense of a type for which the Court has suspended or disbarred lawyers in the past, such as misappropriation of funds, repeated non-filing of personal income tax returns, flagrant non-cooperation including failure to attend a pre-hearing meeting, fraud and the like, the Director may either submit the matter to a Panel or upon a motion made with notice to the attorney and approved by the Panel Chair, file the petition under Rule 12.

2003, upon learning that Vaught had been hospitalized.

Vaught was discharged from the hospital on October 31, 2003. Thereafter, he failed to respond to the Director's efforts to obtain medical documentation and failed to answer the disciplinary charges or provide any other information. On June 18, 2004, the Director reinstated his motion for disciplinary proceedings and for a panel bypass. The motion was granted by this court on July 7, 2004.

The Director filed a petition for disciplinary action against Vaught on July 13, 2004. Vaught did not answer the petition. On August 31, 2004, the Director filed a motion for summary relief pursuant to Rule 13(b), RLPR. This motion was granted on September 17, 2004, and the matter was set for briefing and oral argument.

On October 18, 2004, months after the time provided for answering the petition had passed, Vaught filed with this court a lengthy letter in lieu of a brief. In his letter Vaught disputed a majority of the factual allegations made by the Director. However, under the RLPR and our case law, when an attorney subject to disciplinary proceedings fails to file an answer within the time provided, the allegations set forth in the petition shall be deemed admitted. *See, e.g., In re Cutting,* 671 N.W.2d 173, 174 (Minn.2003); *In re Crissey,* 645 N.W.2d 141, 143 (Minn.2002); Rule 13(b), RLPR. Because Vaught failed to timely answer the petition and the Director's motion for summary relief had been granted, we deem the Director's allegations admitted.

■ Because the Director's allegations are deemed admitted, the only issue before this court is the appropriate discipline to impose in this case. The purpose of disciplinary sanctions for professional misconduct is not to punish the attorney, but rather "to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Oberhauser,* 679 N.W.2d 153, 159 (Minn.2004) (citing *In re Daffer,* 344 N.W.2d 382, 385 (Minn.1984)). We consider four factors in determining the appropriate sanction: (1) the nature of the misconduct; (2) the cumulative weight of the violations of the rules of professional conduct; (3) the harm to the public; and (4) the harm to the legal profession. *Id.* Disciplinary actions are imposed on a case-by-case basis after considering both aggravating and mitigating circumstances, as well as looking to similar cases for guidance. *Id.*

■ The Director recommends disbarment in this case because Vaught has a history of misappropriation of client funds, and the integrity of the legal profession depends on the public's perception that the legal profession deems an attorney who misappropriates funds to be unfit for the practice of law. The Director also notes that disbarment is the usual discipline for attorney misappropriation of client funds, unless there are substantial mitigating circumstances showing the attorney did not intentionally convert the funds.

■ When an attorney comes before us on a disciplinary charge for a second time, the general rule is that the discipline to be imposed must be reviewed in light of the earlier misconduct. *In re Getty,* 452 N.W.2d 694, 698 (Minn.1990). We have imposed more severe sanctions when the current misconduct is similar to misconduct for which the attorney has already been disciplined. *In re Cutting,* 671 N.W.2d 173, 175 (Minn.2003). Vaught has been disciplined once before for misappropriation of client funds and suspended for a minimum period of three years. *In re*

*Vaught*, 637 N.W.2d 570, 571 (Minn.2002).[4]

■ We have generally disbarred attorneys who have misappropriated client funds. *See, e.g., In re White*, 677 N.W.2d 85 (Minn.2004); *In re Keller*, 656 N.W.2d 398 (Minn.2003); *In re Amundson*, 643 N.W.2d 280 (Minn.2002). The only exception is "instances when the attorney presents clear and convincing evidence of substantial mitigating circumstances which show that the attorney did not intentionally convert the funds." *In re LaChapelle*, 491 N.W.2d 17, 21 (Minn.1992). Vaught argued in his letter to the court and at oral argument that he did not intentionally convert the funds. However, Vaught's opportunity for an evidentiary hearing was waived by his failure to answer the charges against him and, in any event, this court does not sit as the fact finder in attorney discipline cases. *In re Schmidt*, 402 N.W.2d 544, 545 (Minn.1987) (referee or panel is fact finder, but responsibility for determining appropriate discipline rests with this court); *see also* Rule 14(e), (f), RLPR (referee or panel serves as fact finder in disciplinary actions). Accordingly, based on the record before us, we hold that disbarment is the appropriate discipline.

So ordered.

---

4. Vaught has also been disciplined for failure to file federal and state income tax returns over a five-year period. *In re Vaught*, 583 N.W.2d 924 (Minn.1998).