In re Petition for DISCIPLINARY ACTION AGAINST William Albert PLUMMER, a Minnesota Attorney, Registration No. 291365.

No. A06–1352.

Supreme Court of Minnesota.

Dec. 21, 2006.

Timothy Michael Burke, Office of Lawyers Professional Responsibility, St Paul, MN, for Office of Lawyers Professional Responsibility.

William Albert Plummer, St Paul, MN, pro se.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent, William A. Plummer, alleging that Plummer (1) failed to attend an administrative hearing, failed to communicate with his client in the matter, and failed to return the client's file; (2) failed to notify his client and a tribunal of his suspension; and (3) failed to cooperate with the Director's investigation of his misconduct. Plummer failed to answer the petition, the allegations are deemed admitted, and the only issue we now consider is the appropriate discipline to impose.

On January 9, 2004, Plummer was retained by MM to represent her in a social security disability matter. On multiple occasions, Plummer failed to return MM's calls seeking to provide him with information or seeking a status report on her case.

On December 15, 2005, we suspended Plummer from the practice of law for 60 days for professional misconduct unrelated to his representation of MM.[1] The rules required that Plummer give notice of his suspension to each client, opposing counsel or pro se party, and tribunals in which he had litigation pending. Rule 26(b), Rules on Lawyers Professional Responsibility (RLPR). The rules also required that Plummer provide proof to the Director of compliance with the notification requirement. Rule 26(e), RLPR. Plummer did not notify MM or the Social Security Administration of his suspension, and failed to file with the Director's office an affidavit documenting his compliance with the order and Rule 26, RLPR.

Following Plummer's suspension, a hearing was scheduled for January 18, 2006, with regard to MM's Social Security claim. Although Plummer wrote to the Office of Hearings and Appeals on December 22, 2005, advising that he no longer represented MM, he did not advise that he was suspended nor did he provide a copy of the letter to MM. In another letter dated January 16, 2006, Plummer wrote to the judge assigned to MM's matter, stating, "I understand I am still listed as the attorney of record in [MM's] matter. Please correct your records." Again, Plummer did not indicate that he was suspended, nor did he provide a copy of the letter to MM. MM appeared for the Janu-

---

1. We disciplined Plummer for the following acts of professional misconduct: unintentionally misapplying and failing to safeguard funds that came into his possession as a representative payee for a minor Social Security beneficiary; commingling personal and client funds in his trust account; failing to maintain proper trust account books and records; depositing an advance fee payment into his business account instead of his trust account; disbursing client funds from the trust account by way of cash held back from a deposit rather than by a check; and failing to cooperate fully in the disciplinary investigation.

ary 18 hearing, not knowing that Plummer had advised the court that he no longer represented her. She reviewed her file and learned from Plummer's December 22 letter that he no longer represented her. Plummer did not attend the hearing and MM unsuccessfully represented herself. Later that day, Plummer called MM and left a message and MM returned the call, also leaving a message. Plummer never returned MM's call, despite her repeated attempts thereafter to contact him by phone. MM also called Plummer requesting that he return her file but, again, he did not return her calls, nor did he ever return the file. MM reported Plummer's conduct to the Director's Office and learned, for the first time, that Plummer had been suspended in December 2005.

After receiving MM's report, the Director initiated an investigation of Plummer, mailing to Plummer notice of the investigation and a request that he respond within 14 days of the notice. Plummer failed to respond, and the Director wrote Plummer's counsel on February 23, 2006, advising that a response had not been received and again requesting a written response. The Director again wrote to Plummer and his counsel on March 3 and March 14, and received no response. The March 14 letter to Plummer was sent by certified mail, return receipt requested, and Plummer acknowledged receipt of the certified letter on March 15.

On April 24, 2006, the Director sent notice to Plummer of the charges of unprofessional conduct, a notice of pre-hearing meeting, and notice of Panel assignment. Plummer failed to respond and failed to attend the scheduled pre-hearing on May 15, 2006. On June 17, 2006, the Director's

petition for disciplinary action was served upon Plummer. Plummer failed to answer the petition and the Director subsequently served and filed a motion for summary relief pursuant to Rule 13(b), RLPR, to which Plummer failed to respond. By order of August 10, 2006, we granted the Director's motion, deemed the allegations of the petition admitted, and set the matter for briefing and oral argument. Plummer has submitted no briefs to this court and failed to appear for oral argument.

In his representation of MM, Plummer violated Rules 1.3 (diligence), 1.4 (communication), 1.16(d) (declining or terminating representation), 3.2 (expediting litigation), and 8.4(c) (misconduct involving dishonesty, fraud, deceit, or misrepresentation), Minnesota Rules of Professional Conduct (MRPC). By his failure to cooperate in the Director's investigation of his misconduct and his failure to report his suspension, Plummer also violated Rules 3.4(c) (fairness to opposing party and counsel involving knowingly disobeying an obligation under the rules of a tribunal), 8.1(b) (bar admission and disciplinary matters— requirement to respond to a disciplinary authority's demand for information), MRPC, and Rules 25 (required cooperation), 26 (duties of disciplined lawyer), RLPR.[2] The only issue before this court is the appropriate discipline to be imposed.

The purpose of discipline for professional misconduct is not to punish the attorney, but rather to protect the public, to protect the judicial system, and to deter future misconduct. *In re Vaught,* 693 N.W.2d 886, 890 (Minn.2005). To determine the appropriate discipline, we consider (1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the

---

2. Plummer is currently still suspended from the practice of law based on his earlier professional misconduct, as he never petitioned this court for reinstatement under Rule 18, RLPR, which requires an affidavit stating that the suspended lawyer complied with Rules 24 and 26, RLPR.

harm to the public; and (4) the harm to the legal profession. *In re Muenchrath,* 588 N.W.2d 497, 500 (Minn.1999). We look to similar cases for guidance, but impose discipline on a case-by-case basis after considering both aggravating and mitigating circumstances. *Vaught,* 693 N.W.2d at 890.

We agree with the Director's recommendation that Plummer, who is currently suspended, be indefinitely suspended from the practice of law for a minimum of 12 additional months and that he be required to comply with Rule 18, RLPR, should he apply for reinstatement.

In prior discipline cases, we have concluded that an attorney's pattern of client neglect and lack of communication, and failure to cooperate with disciplinary investigation and proceedings typically warrants an indefinite suspension. In *In re Olson,* we indefinitely suspended an attorney for a minimum of two years for neglect of two client matters, one a Social Security matter, and for a complete lack of cooperation with the Director's office. 545 N.W.2d 35, 37–38 (Minn.1996). In *In re Pucel,* we indefinitely suspended an attorney for her neglect and failure to communicate with a client, failure to maintain a client's funds in trust, failure to account for and return a client's funds, and failure to cooperate with the disciplinary investigation. 588 N.W.2d 741, 743 (Minn.1999). Similarly, in *In re Kinnunen,* we indefinitely suspended an attorney for a minimum of 18 months for his failure to pursue his client's claims, to communicate with clients, and to cooperate with the disciplinary investigation. 502 N.W.2d 773, 773–75 (Minn.1993).

As in the cases above, Plummer neglected and failed to communicate with a client, and failed completely to cooperate with the disciplinary investigation and proceedings. Further, Plummer has been disciplined previously and was suspended from the practice of law at the time of his misconduct related to MM. After a disciplinary proceeding, we expect "a renewed commitment * * * to comprehensive ethical and professional behavior," *In re Shaw,* 396 N.W.2d 573, 575–76 (Minn.1986), which Plummer has not demonstrated. For these reasons, we impose the following discipline:

(1) Respondent William A. Plummer is suspended indefinitely from the practice of law pursuant to Rule 15, RLPR, and he shall comply with the notice requirements of Rule 26, RLPR. Respondent Plummer shall not be eligible to apply for reinstatement to the practice of law before 12 months from the date of filing of this opinion.

(2) Should respondent apply for reinstatement, he shall be required to provide proof of his fitness to practice law by complying with the requirements of Rule 18, RLPR.

(3) Respondent shall pay to the Director a sum of $900 for costs pursuant to Rule 24, RLPR.

So ordered.