**In re Petition for Disciplinary Action against Charles Alan RAMSAY, a Minnesota Attorney, Registration No. 260277.**

**No. A11–0912.**

Supreme Court of Minnesota.

July 13, 2011.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Charles Alan Ramsay committed professional misconduct subject to public discipline. Respondent was arrested in the Winona County Courthouse for possession of cocaine during a trial in which he was representing a criminal defendant. The Director alleges that respondent's guilty plea to third-degree possession of cocaine constitutes conclusive evidence of the commission of a criminal act reflecting adversely on respondent's fitness as a lawyer, in violation of Minn. R. Prof. Conduct 8.4(b).

Respondent has waived his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is suspension from the practice of law for a period of 90 days, followed by a period of disciplinary probation coextensive with respondent's criminal probation during which time respondent be

supervised by the Director's office and subject to other conditions.

Imposition of respondent's criminal sentence has been stayed on condition of, among other things, service of two days in jail (with credit for two days time served), payment of a $2,500 fine, completion of 240 hours of community service, and a 10–year period of probation during which respondent must, among other things, abstain from the possession or consumption of alcohol or controlled substances, be subject to random urinalysis testing, and participate in a chemical dependency support group.

In a memorandum in support of the stipulation, the Director indicates that shortly after respondent's arrest in January 2009, respondent advised his clients of his situation, ensured that there was attorney coverage of his client's cases, and voluntarily entered and completed in-patient chemical dependency treatment. Respondent relapsed in February 2010 but self-reported his use, entered and completed out-patient treatment and, since then, has maintained his sobriety.

 The circumstances of respondent's arrest and conviction are a serious breach of the standards of professional conduct required of an attorney licensed in the State of Minnesota. Nevertheless, the purpose of discipline for professional misconduct is not to punish the attorney, but to protect the public and the judicial system and to deter future professional misconduct. *In re Plummer*, 725 N.W.2d 96, 98 (Minn.2006). We have independently reviewed the file and, considering the terms of respondent's criminal probation, approve of the recommended disposition as adequately protecting the public and the judicial system and deterring future professional misconduct by respondent and others.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Charles Alan Ramsay is suspended from the practice of law for a minimum of 90 days, effective 10 days from the date of filing of this order.

(a) Respondent shall provide notice of his suspension to clients, opposing counsel, and tribunals as required by Rule 26, RLPR.

(b) Respondent shall pay $900 in costs as required by Rule 24, RLPR.

(c) Respondent shall be eligible for reinstatement to the practice of law upon the expiration of the suspension period, provided that not less than 15 days before the end of the suspension period respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that respondent is current with continuing legal education requirements and has fully complied with Rules 24 and 26, RLPR.

(d) Upon reinstatement, respondent shall be subject to probation supervised by the Director's office for the full term of respondent's criminal probation, subject to the following conditions:

(1) Respondent shall cooperate fully with the efforts of the Director's office to monitor respondent's probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall respond to the Director's correspondence by its due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, respondent shall authorize the release of information and documentation to verify com-

**606**

pliance with the terms of this probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall abide by the terms of his criminal probation. Respondent shall provide the Director with (or arrange for the Director to receive) the results of the random urinalysis testing required under the terms of respondent's criminal probation. Respondent shall provide the Director with verification of respondent's participation in any chemical dependency support group. Respondent shall notify the Director of any change in the status or terms of his criminal probation.

(e) Within one year from the date of filing of this order, respondent shall comply with Rule 18(e)(3), RLPR, by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination.

BY THE COURT:

/s/Lorie S. Gildea
Chief Justice

## DISSENT

PAGE, Justice (dissenting).

In my view, respondent's misconduct warrants discipline greater than the 90-day suspension ordered by the court. The presumptive discipline for a felony conviction such as respondent's is disbarment, particularly when the criminal conduct occurs within the practice of law. *In re Andrade*, 736 N.W.2d 603, 605 (Minn.2007) (citing *In re Perez*, 688 N.W.2d 562, 567–69

(Minn.2004)). Here, the misconduct occurred within the practice of law.

At the time of his arrest, respondent was representing a criminal defendant in two separate matters. In one of the matters, the client was charged with making terroristic threats. In the other matter, the client was charged with first-degree murder. Respondent was arrested in the courthouse during proceedings in the terroristic threats matter. Respondent's arrest called into question respondent's continued representation of the client in both matters. In addition to being a grave breach of trust with the client, respondent's conduct implicated his client's Sixth Amendment right to the effective assistance of counsel, as well as the fair administration of justice. Because I believe that a 90-day suspension neither reflects the significant harm caused by respondent's conduct nor adequately deters future misconduct, I respectfully dissent.