In re Petition for DISCIPLINARY ACTION AGAINST Charles Alan RAMSAY, a Minnesota Attorney, Registration No. 260277.

No. A11–0912.

Supreme Court of Minnesota.

Oct. 26, 2011.

ORDER

On July 13, 2011, we suspended respondent Charles Alan Ramsay from the practice of law for a minimum of 90 days, after his guilty plea to third-degree possession of cocaine. *In re Ramsay*, 799 N.W.2d 604 (Minn.2011). Respondent has filed an affidavit stating that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination, and requests reinstatement. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Charles Alan Ramsay is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination within one year of the July 13, 2011, suspension order, and is placed on disciplinary probation for a term coextensive with respondent's criminal probation, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the efforts of the Director's office to monitor respondent's probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall respond to the Director's correspondence by its due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall abide by the terms of his criminal probation. Respondent shall provide the Director with (or arrange for the Director to receive) the results of the random urinalysis testing required under the terms of respondent's criminal probation. Respondent shall provide the Director with verification of respondent's participation in any chemical dependency support group. Respondent shall notify the Director of any change in the status or terms of his criminal probation.

IT IS FURTHER ORDERED that by July 13, 2012, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility, by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination.

BY THE COURT:

/s/Alan C. Page
Associate Justice