July 20, 2016
**OFFICE OF
APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A15-1877

In re Petition for Disciplinary Action against
Scott Alan Becker, a Minnesota Attorney,
Registration No. 0248253.

O R D E R

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Scott Alan Becker committed professional misconduct warranting public discipline during his representation of an elderly couple ("aunt" and "uncle") with respect to the estate of uncle's deceased nephew ("Linde estate"). Specifically, the petition alleges that Becker agreed to represent aunt and uncle with respect to the Linde estate despite a conflict of interest created by aunt's and uncle's agreement to pay Becker the proceeds of the estate, in lieu of attorney fees, *see* Minn. R. Prof. Conduct 1.7(b); entered into unfair and unreasonable business transactions with uncle that resulted in Becker receiving a significant financial windfall, *see* Minn. R. Prof. Conduct 1.8(a); prepared a document in which uncle gave Becker a substantial gift, *see* Minn. R. Prof. Conduct 1.8(c); made knowingly false statements to unrepresented heirs in the probate proceeding regarding Becker's role in the proceeding, *see* Minn. R. Prof. Conduct 4.1, 4.3(a), and 4.3(c); and charged the probate estate an unreasonable fee, *see* Minn. R. Prof. Conduct 1.5(a).

1

The parties filed a stipulation for discipline with the court. In it, Becker waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdrew the answer he previously filed, and unconditionally admitted the allegations in the petition. The parties proposed that the appropriate discipline is a public reprimand and 2 years of supervised probation.

We issued an order to show cause that instructed the parties to file memoranda addressing why Becker should not be subject to more severe discipline and responding to six specific questions. The parties filed responsive memoranda.

Becker has admitted to committing very serious misconduct. Becker's misconduct includes representing aunt and uncle despite a conflict of interest that resulted from his fee agreement and business transactions with aunt and uncle. The parties acknowledge that the conflict of interest harmed uncle and the other heirs. The parties admit that because of the conflict of interest, uncle was denied objective legal advice and Becker was "not . . . candid" with uncle and the other heirs. A conflict of interest is aggravated when it is "clear and certain." *In re Varriano*, 755 N.W.2d 282, 292 (Minn. 2008). Becker's conflict of interest was clear and certain because of what he knew about the potential windfall he was likely to receive from his fee agreement and business transactions with aunt and uncle. Moreover, Becker has admitted that he was expressly advised about this conflict of interest because of communications he had with the Director's Office shortly after agreeing to represent aunt and uncle, yet Becker continued with the representation and never obtained aunt and uncle's informed consent.

2

Becker also entered into two improper business transactions with uncle in September 2011. Uncle was the personal representative of the Linde estate, and in both of these business transactions, Becker agreed to perform the work of the personal representative for uncle in exchange for an assignment of uncle's share of the estate to Becker. The terms of the business transactions were unfair and unreasonable at the time they were consummated, because uncle was not informed of the value of the interest he was agreeing to give Becker and Becker either knew or should have known that the value of the Linde estate would far exceed the costs of the administration of the estate. It is true that Becker eventually disclosed to uncle the exact value of the estate he was assigning before the assignment was made. But even with this subsequent disclosure, the terms remained unfair and unreasonable because Becker received an exorbitant fee for performing the administrative duties of the Linde estate. *See* Minn. Stat. §§ 524.3-719(a) ("A personal representative is entitled to reasonable compensation for services."), 524.3-721 (2014) (stating that the "reasonableness of the compensation of any person" employed by the personal representative may be reviewed by the court). Additionally, the business transactions were made without advising uncle to seek, or providing him with the opportunity to obtain, independent legal advice about the transactions. And uncle did not give informed consent, as required by Minn. R. Prof. Conduct 1.8(a).

The purpose of discipline for professional misconduct is not to punish the attorney but to protect the public and the judicial system and to deter future professional misconduct. *In re Plummer*, 725 N.W.2d 96, 98 (Minn. 2006). Given the significant misconduct Becker committed, we conclude that the parties' recommended disposition is

3

insufficient to protect the public and the judicial system and to deter future misconduct. As a result, we reject the parties' recommended disposition and conclude that an appropriate disposition is a 60-day suspension followed by 2 years of supervised probation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Respondent Scott Alan Becker is suspended from the practice of law for a minimum of 60 days, effective 14 days from the date of this order.

2.    Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3.    Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4.    Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5.    Within 1 year of the date of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.  Failure to timely file the

4

required documentation shall result in automatic re-suspension. *See* Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a lawyer with the Director's Office who will monitor respondent's compliance with the terms of this probation.

(d) Respondent shall cooperate fully with the supervisor in their efforts to monitor compliance with this probation.

(e) On a quarterly basis, respondent shall affirmatively report to the Director the status of his efforts to resolve the claims of the heirs of Richard Linde. After 1 year, if the claims of the heirs have been resolved, respondent may request early termination of the probation. If the Director agrees, the parties may file a request for termination of probation with the court.

Dated: July 20, 2016      BY THE COURT:

David R. Stras
Associate Justice

5